IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 115,629

STATE OF KANSAS,
*Appellee*,

v.

JAMES LEE JAMERSON,
*Appellant*.

SYLLABUS BY THE COURT

1.

Interpretation of sentencing statutes is a question of law over which an appellate court exercises unlimited review.

2.

Whether a sentence is illegal within the meaning of K.S.A. 22-3504 is also a question of law over which an appellate court has unlimited review.

3.

Under K.S.A. 22-3504(1), courts may correct an illegal sentence at any time.

4.

When one or more of the sentences in a multiconviction case is illegal under K.S.A. 22-3504, district courts may only correct the illegal sentence or sentences.

5.

When correcting an illegal sentence, the district court's authority in setting the length of the new prison term includes determining whether the corrected sentence will run consecutive to, or concurrent with, the other sentences.

Review of the judgment of the Court of Appeals in an unpublished decision filed February 3, 2017. Appeal from Shawnee District Court; EVELYN Z. WILSON, judge. Decision filed January 25, 2019. Judgment of the Court of Appeals affirming in part, vacating in part, and remanding with directions is affirmed in part and reversed in part. Judgment of the district court is affirmed in part, vacated in part, and remanded with directions.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, argued the cause, and was on the brief for appellant.

*Jodi E. Litfin*, assistant solicitor general, argued the cause, and *Rachel L. Pickering*, assistant solicitor general, *Chadwick J. Taylor*, former district attorney, *Michael F. Kagay*, district attorney, and *Derek Schmidt*, attorney general, were on the briefs for appellee.

The decision of the court was delivered by

NUSS, C.J.:   James Lee Jamerson challenges his resentencing after the district court granted his motion to correct an illegal sentence but then also modified the duration and concurrent nature of one of his legal, nonbase sentences. The primary issue presented asks:  to what extent can a district court modify multiple sentences when only some of them are held to be illegal following a motion to correct an illegal sentence?

We conclude the district court may only correct the illegal sentences. We affirm in part and vacate in part the decision of that court, affirm in part and reverse in part the decision of the Court of Appeals, and remand with directions.

2

In 2001, Jamerson pled no contest to (1) second-degree murder, a severity level 1 person felony; (2) aggravated robbery, a severity level 3 person felony; and (3) conspiracy to commit aggravated robbery, a severity level 5 person felony. Jamerson and the State agreed to recommend a 288-month controlling prison sentence, and the district court agreed to follow the recommendation. In its implementation, the court determined Jamerson had a criminal history score of D and sentenced him to a standard grid box term of 253 months for second-degree murder; a downward departure to 35 months for aggravated robbery; and a downward departure to 35 months for conspiracy. The court ordered the aggravated robbery sentence to run consecutive to the second-degree murder sentence and the conspiracy sentence to run concurrent with both. This resulted in a total controlling sentence of 288 months' imprisonment.

Fourteen years later in 2015, Jamerson filed a pro se motion to correct an illegal sentence, and his appointed counsel later filed a supplemental motion. Jamerson argued his criminal history score was incorrect at sentencing. After holding an evidentiary hearing, the court determined Jamerson's criminal history should have been H, not the more serious D. To correct the error, Jamerson and the State both recommended that the second-degree murder sentence be reduced from 253 months to 176 months. This would in turn reduce the controlling sentence to 211 months' imprisonment.

At resentencing, the court noticed another error in Jamerson's sentences. Specifically, the 2001 sentencing court had erroneously also applied Jamerson's criminal history to the nonbase sentences of aggravated robbery and conspiracy to commit aggravated robbery. Under the sentencing guidelines, the court does not apply the defendant's criminal history score to nonbase sentences but instead uses the gridbox applicable for no criminal history, or I. K.S.A. 2001 Supp. 21-4720(b)(5) ("Nonbase

sentences will not have criminal history scores applied, as calculated in the criminal history I column of the grid, but base sentences will have the full criminal history score assigned."). The error did not impact Jamerson's aggravated robbery conviction because the court's downward departure to 35 months coincidentally was a gridbox sentence for a severity level 3 person felony with no criminal history. But the 35-month sentence for conspiracy to commit aggravated robbery was an illegal upward departure when using the correct criminal history score. That gridbox sentence should have been 31 months (mitigated), 32 months (standard), or 34 months (aggravated).

In an apparent effort to keep the new sentence as close as possible to the one in 2001, the 2015 court resentenced Jamerson to the aggravated gridbox sentence of 186 months for second-degree murder; the standard gridbox sentence of 59 months for aggravated robbery; and the aggravated grid box sentence of 34 months for conspiracy. The court ordered all three sentences to run consecutive for a total controlling sentence of 279 months' imprisonment.

Jamerson appealed, arguing the court only had authority to correct the illegal second-degree murder sentence and lacked jurisdiction to modify his unchallenged aggravated robbery and conspiracy sentences.

The Court of Appeals panel concluded the 2015 resentencing court had jurisdiction to modify the conspiracy sentence from the erroneous downward departure of 35 months to the appropriate aggravated term of 34 months because the sentence itself was illegal, independent of the illegal base sentence for second-degree murder. *State v. Jamerson*, No. 115,629, 2017 WL 462716 (Kan. App. 2017) (unpublished opinion). But it concluded the court did not have jurisdiction to deviate from the original sentence by making the conspiracy sentence run consecutive to the second-degree murder and aggravated robbery sentences or to resentence Jamerson to 59 months for aggravated

robbery. The panel held Jamerson should have a controlling sentence of 221 months—186 for the base sentence for second-degree murder; 35 for aggravated robbery, consecutive to the murder; and 34 for conspiracy, to be served concurrently with the other two sentences. 2017 WL 462716, at *4.

The State petitioned this court for review of the panel's decision. Our jurisdiction is under K.S.A. 60-2101(b) (review of Court of Appeals decision).

ANALYSIS

Issue: *When correcting an illegal base sentence, did the resentencing court have jurisdiction to vacate and resentence Jamerson's two nonbase sentences?*

*Standard of review*

Jamerson's arguments require us to interpret sentencing statutes. Their interpretation is a question of law over which this court exercises unlimited review. *State v. Guder*, 293 Kan. 763, 765, 267 P.3d 751 (2012). Furthermore, whether a sentence is illegal within the meaning of K.S.A. 22-3504 is also a question of law over which we have unlimited review. *State v. Lee*, 304 Kan. 416, 417, 372 P.3d 415 (2016). The court may correct an illegal sentence at any time. K.S.A. 22-3504(1); *State v. Dickey*, 305 Kan. 217, 219, 380 P.3d 230 (2016).

*The State argues* Guder *should be overruled.*

The State first urges this court to reexamine our holding in *Guder* because here it leads to an absurd result. The State asks us to either reverse or carve out an exception to *Guder* and hold that some authority still exists to treat criminal sentences as a single

5

entity. Per the State, this is especially compelling in instances where the record clearly shows the State and defense reached the original sentence in a plea deal by considering the sentence in its entirety. The State complains that under *Guder* a defendant can game the system and undermine a plea agreement by waiting until after sentencing to object to incorrect criminal history scores.

The *Guder* court, however, thoroughly analyzed legislative intent and the effect of the Kansas Sentencing Guidelines Act, K.S.A. 21-4701 et seq. (KSGA), on common law sentencing power and rejected this particular argument. Moreover, this court has repeatedly held that the KSGA deprived district courts of the jurisdiction to modify sentences except to correct arithmetic or clerical errors, to consider or reconsider departures from presumptive sentences, or to modify sentences by reinstating previously revoked probations. *Guder*, 293 Kan. at 766. We recently reaffirmed our holding from *Guder* in *State v. Warren*, 307 Kan. 609, 612-13, 412 P.3d 993 (2018). So we again reject the State's argument.

*The State argues* Guder *does not apply.*

Alternatively, the State argues *Guder* does not apply because of the procedural differences between the facts in *Guder* and in this case. Specifically, the resentencing court here found Jamerson's sentence illegal under K.S.A. 22-3504 (correction of sentence), whereas *Guder* involved the court's authority to modify a nonvacated portion of a sentence on remand from an appellate court. The State argues *Guder* and its progeny should only be applied to cases following a remand.

In a case based on a motion to correct an illegal sentence and without remand instructions, the State contends K.S.A. 21-4720(b) (now cited as K.S.A. 2017 Supp. 21-6819) should control. That statute permitted the sentencing judge to exercise discretion

6

when deciding whether to impose concurrent or consecutive sentences in a multiple conviction case:

> "The sentencing judge shall otherwise have discretion to impose concurrent or consecutive sentences in multiple conviction cases. The sentencing judge shall state on the record if the sentence is to be served concurrently or consecutively." K.S.A. 21-4720(b).

The State suggests that correcting an illegal sentence should follow the same rules as those applied to sentencing on all counts for the first time. It asserts that K.S.A. 21-4720(b) gives the district court authority to alter every sentence in a multiple conviction case at resentencing, not just the illegal ones.

Admittedly, the statutory authority to correct an illegal sentence does not come from the KSGA. Rather, K.S.A. 22-3504—one chapter later in the Kansas Statutes—provides the authority for correction of an illegal sentence. And it simply says that the court may correct an illegal sentence at any time, and that clerical mistakes in judgments, orders, or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time. K.S.A. 22-3504. The only guidance the statute provides on correcting an illegal sentence is that the defendant shall receive full credit for time spent in custody under the sentence prior to correction and that he or she is entitled to a hearing and counsel.

Absent further direction by the statute itself, we must turn to the KSGA for guidance on correctly sentencing offenders. See K.S.A. 2017 Supp. 21-6802 (the sentencing guidelines in the KSGA apply equally to all offenders in all parts of the state); K.S.A. 2017 Supp. 21-6819 (sentencing in multiple conviction cases). Reading K.S.A. 22-3504 for the correction of an illegal sentence and the KSGA together would logically

advise that correcting an illegal sentence should follow the same statutory rules as resentencing after a remand. Procedurally, we find no reason a district court's conclusion (that a sentence is illegal) is different in any legally significant way from the holding by this court that a sentence is illegal under K.S.A. 22-3504. In either scenario the sentence must be corrected to become one complying with the KSGA. On concluding one or more of the sentences in a multiconviction case to be illegal, the district court, like an appellate court, must vacate the illegal sentence and correct it by resentencing in accordance with the KSGA. See *State v. Warren*, 307 Kan. 609, 412 P.3d 993 (2018) (when multiconviction cases are remanded for resentencing, district courts may not modify sentences that have not been vacated and are not illegal). But this does not mean the district court has authority to resentence anew for all of the convictions in a multiple conviction case. Rather, as we have held in cases directing resentencing of an illegal sentence on remand, the court may vacate and resentence only the illegal one in a multiconviction case. *Guder*, 293 Kan. 763.

The dissent faults us for a perceived lack of detailed analysis. And it also argues that K.S.A. 22-3504(1) only authorizes a "correction" of an illegal sentence, faulting us for characterizing a sentence "correction" as "resentencing" under the KSGA. However, to make the sentence "right"—to use one of the dissent's synonyms for "correct"—requires resentencing of the illegal portion of the sentence in a way that conforms to the KSGA. As explained above, the district court does not have authority to resentence anew for all of the convictions in a multiple conviction case when only one or more, but not all, of the sentences are illegal. The court may only resentence the illegal sentence(s). *Guder*, 293 Kan. 763. In this regard, the dissent overstates our holding as incorporating the entire KSGA. Its main disagreement with our decision appears to be more with our holding in *Morningstar*, an issue we address in the next section.

8

*The State argues* Morningstar *provides authority to reconsider the entire sentence.*

As a further alternative, the State argues that our decision in *State v. Morningstar*, 299 Kan. 1236, 329 P.3d 1093 (2014), provides a court with authority to reconsider the entire sentence at resentencing. While this is not entirely correct, *Morningstar* does lend some support to the State's position that the 2015 court had more discretion in resentencing Jamerson than the Court of Appeals panel allowed.

The defendant in *Morningstar* was convicted of rape of a child under 14, aggravated battery, abuse of a child, and child endangerment. He was originally sentenced to an off-grid hard 25 life sentence for the rape conviction under Jessica's Law. He also received term-of-years sentences for the remaining convictions, to run concurrent with each other and the rape sentence. We vacated the off-grid rape sentence because the State failed to prove the defendant's age to the jury as required by statute. We remanded for resentencing on the rape conviction "'as a felony on the KSGA nondrug sentencing grid.'" 299 Kan. at 1238.

Requiring a grid sentence for rape made it the base sentence because rape was a higher severity level grid offense than the other convictions. Because rape—and not aggravated battery—was now the base sentence, the aggravated battery sentence had to be recalculated without applying the criminal history score. K.S.A. 21-4720(b)(5). The district court also ordered the new gridbox rape sentence—the primary sentence—to run consecutive to the other convictions. Morningstar argued that the court was prohibited from changing the sentence for his primary crime from running concurrent with, to consecutive to, his other sentences.

The *Morningstar* court found that argument largely unpersuasive because in multiple conviction cases like *Morningstar*, whether a sentence runs consecutive to the

9

defendant's other sentence or sentences is related to, if not intertwined with, the sentencing court's discretion to choose the appropriate term of months. The district court necessarily has to apply the KSGA provisions governing the terms of grid sentences to determine the sentence's length. In doing so, the court has to exercise its independent judgment—within the limitations imposed by the KSGA—to determine the appropriate sentence. Further, both K.S.A. 21-4608 and K.S.A. 21-4720 permitted a court to run two or more sentences consecutive with one another but did not dictate the order in which consecutive grid sentences must be imposed or served. 299 Kan. at 1243-46.

Under *Morningstar*, here the 2015 court did not have the authority at resentencing to modify the original (legal) aggravated robbery sentence. But it did have authority to modify the original (illegal) sentences for second-degree murder and conspiracy, which would include whether they would run consecutive to, or concurrent with, the other sentences. *Morningstar*, 299 Kan. 1236, Syl. ¶ 5 ("When a term of imprisonment is vacated on appeal and remanded for resentencing, the district court's authority in setting the length of the new prison term includes determining on remand whether it will run consecutive to the defendant's other terms of imprisonment."). The KSGA permits a district court imposing a term of imprisonment upon resentencing to determine anew whether the prison terms runs consecutive to a defendant's other sentences.

In conclusion, we hold that our decisions from *Guder* and *Morningstar* apply to resentencing based on a motion to correct an illegal sentence. This holding means that here the district court erred in increasing the legal aggravated robbery sentence from 35 to 59 months. But it did have authority to resentence the illegal sentences for both second-degree murder (from 253 to 186 months) and conspiracy (from 35 to 34 months). And despite the holding of the panel, this included the authority to order the conspiracy sentence to run consecutive to the others.

Consequently, we reverse and remand for resentencing. The original 35-month sentence for aggravated robbery, which was not illegal, is to be reinstated. This will make a total controlling sentence of 255 months (186 months for second-degree murder, 35 months for aggravated robbery, and 34 months for conspiracy).

LUCKERT, J., not participating.
WILLIAM R. MOTT, District Judge, assigned.[1]

* * *

JOHNSON, J., concurring in part and dissenting in part:  I agree with the majority that, in conformance with our holding in *State v. Guder*, 293 Kan. 763, 267 P.3d 751 (2012), the district court erred when it modified Jamerson's original sentence for aggravated robbery because that sentence was not illegal and, therefore, was not subject to correction under K.S.A. 22-3504(1). Likewise, I agree that, when the district court discerned that the originally imposed sentences for second-degree murder and conspiracy to commit robbery were nonconforming with the criminal history statutory provisions, i.e., were illegal, the district court had authority under K.S.A. 22-3504(1) to correct the illegality. Where I part company with the majority is when it interprets K.S.A. 22-3504(1) as investing a district court with the discretion to modify the legal portions of a previously imposed sentence.

---

[1]**REPORTER'S NOTE:**  District Judge Mott was appointed to hear case No. 115,629 vice Justice Luckert under the authority vested in the Supreme Court by art. 3, § 6(f) of the Kansas Constitution.

11

First, there is no statutory basis upon which to characterize a sentence correction under K.S.A. 22-3504(1) as a "resentencing" under the Kansas Sentencing Guidelines Act (KSGA), K.S.A. 2017 Supp. 21-6801 through 21-6824. The majority acknowledges that the district court's authority to change Jamerson's sentences in response to his motion to correct an illegal sentence does not emanate from the KSGA. Quite to the contrary, not long after the adoption of the KSGA, *State v. Miller*, 260 Kan. 892, 897, 926 P.2d 652 (1996), *abrogated on other grounds by State v. Berreth*, 294 Kan. 98, 273 P.3d 752 (2012), explained that in the KSGA "no provisions are made for modifying a sentence that has already been imposed" and "[t]hat this elimination of the court's authority to modify was intentional."

More recently, in *Guder*, we reiterated that "[t]he 1992 amendments to the Kansas sentencing statutes deprived district courts of the jurisdiction to modify sentences except to correct arithmetic or clerical errors, to consider or reconsider departures from presumptive sentences, or to modify sentences by reinstating previously revoked probations. [Citations omitted.]" 293 Kan. at 766. Further, corroborating that the Legislature acted intentionally, *Guder* pointed out:

> "When it enacted the KSGA, our legislature explicitly addressed remands following reversal. K.S.A. 21-4720(b)(5) provides that, in the event that a *conviction* of the primary crime is reversed on appeal, the sentencing court is to follow all of the KSGA provisions concerning sentencing in multiple conviction cases.

> "Nothing in the statutory scheme, however, allows resentencing on other convictions following the vacating of a *sentence* on appeal. It is telling that the legislature expressly set out the authority of district courts to resentence on remand, without giving them authority to resentence on other convictions when only the *sentence* for the primary conviction is vacated. It is also telling that, in repealing the old statute and replacing it with a new version in 2010, the legislature retained the limitation to remands when the primary *conviction* is reversed. See L. 2010, ch. 136, sec. 300(b)(5). We will not add

12

words to the statute that would provide jurisdiction to resentence on other counts when only the sentence on the primary conviction is vacated. This court ascertains the legislature's intent through the statutory language it uses, and it will not read a statute to add something not readily found in it. *State v. Finch*, 291 Kan. 665, Syl. ¶ 2, 244 P.3d 673 (2011)." 293 Kan. at 766-67.

Consequently, if the district court's new sentence is to survive, it must comply with the sentence-correction provisions of K.S.A. 22-3504, which, as the majority acknowledges, is contained in the statutory chapter labeled as "Criminal Procedure," rather than in the chapter where the KSGA resides.

Normally, our first step in determining whether a district court's acts fall within the purview of a statute is to look at what the statute actually says, giving common words their ordinary meanings. See *State v. Phillips*, 299 Kan. 479, 495, 325 P.3d 1095 (2014). (legislative intent ascertained through statutory language, giving common words their ordinary meanings). In our case, the applicable statutory language is quite straightforward: "The court may correct an illegal sentence at any time." K.S.A. 22-3504(1). Here, however, the majority briefly summarizes the provisions of K.S.A. 22-3504, opines that they do not include explicit directions for the district court, and declares that logic would advise us to interpret K.S.A. 22-3504 as importing the resentencing provisions of the KSGA. Slip op. at 7-8.

Granted, one can find a rule of statutory construction to support a desired result in many instances. But incorporating an entire act into a plainly worded statute because we believe it would be the logical thing to do is directly contrary to our most basic statutory construction concepts. To begin, when there is no ambiguity in a statute, we simply have no need to resort to canons of construction. *Phillips*, 299 Kan. at 495. "When a statute is plain and unambiguous, this court must give effect to the statute's express language, instead of determining what the law should or should not be." *Redd v. Kansas Truck*

13

*Center*, 291 Kan. 176, 188, 239 P.3d 66 (2010). When the statutory language is plain, we refrain from reading something into the statute that is not readily found in its words. *State v. Brooks*, 298 Kan. 672, 685, 317 P.3d 54 (2014). Most certainly, we do not read an entire act into a single statute, unless that statute's language could be read to permit such incorporation. I submit that such a reading of K.S.A. 22-3504(1) is not justified or rational.

By implication, then, the majority must have found ambiguity in K.S.A. 22-3504(1). The words we need to address—the court may correct an illegal sentence at any time—seem clear enough. No one quibbles about the meaning of "the court" or "at any time," and the parties here do not dispute that Jamerson's murder and conspiracy sentences were each "an illegal sentence." Consequently, if an ambiguity is to be found, it must be divined from the words "may correct."

Perhaps it is useful to consider not only what the statute says, but also what it does not say. For instance, K.S.A. 22-3504(1) does not say that the court may *modify* an illegal sentence at any time. It does not say that a court may *resentence* a person with an illegal sentence at any time. It only authorizes a *correction*. I understand the ordinary meaning of the common word "correct," to be to make something right, e.g., to correct a grammatical error. Cf. Webster's New World College Dictionary 333 (5th ed. 2016) (defining "correct" as "to make right; change from wrong to right; remove errors from"). In other words, to correct something means to fix what is wrong with it. One does not, in ordinary parlance, "correct" something that is not wrong in the first place. Rather, something that is already correct can be *changed*; it can be *altered*; it can be *modified*; it can be *transformed*; it can be *redone*, *refashioned*, *remade*, *remodeled*, *revamped*, *revised*, or *reworked*. But it cannot be *corrected*.

14

There are circumstances under which the imposition of a concurrent sentence could be illegal as nonconforming to statutory provisions. See, e.g., K.S.A. 2017 Supp. 21-6606(c) (sentence for new crime while on probation *shall be* consecutive to probated sentence). In that circumstance, the concurrent sentencing would need correction. Here, however, the concurrent sentence for the conspiracy conviction was within the judge's discretion and legal. K.S.A. 2017 Supp. 21-6606(a) (sentence shall run concurrent or consecutive as the court directs). In other words, the court's use of an illegal criminal history score did not render the concurrent sentencing illegal. Accordingly, when the district court changed the concurrent conspiracy sentence to a consecutive conspiracy sentence, she was not correcting an illegal sentence; she was exercising a discretion that was only available to her for a sentencing under the KSGA. Consequently, as a matter of statutory interpretation, K.S.A. 22-3504(1) did not authorize the modification of the legal portion of the conspiracy sentence.

Finally, the majority attempts to find support in *State v. Morningstar*, 299 Kan. 1236, 329 P.3d 1093 (2014). That reliance is misplaced; *Morningstar* is factually distinguishable. Morningstar's conviction for off-grid rape was reversed because the State failed to prove an essential element of that crime. The case was remanded for sentencing on the lesser included offense of on-grid rape, i.e., the district court was directed to impose an initial sentence on a new conviction. The reversal also caused a change in the primary crime in a multiple conviction case. As noted above, *Guder* explained that the Legislature treats a *conviction* reversal in a multiple convictions case differently than an illegally imposed *sentence*. And, as the majority notes, a minority opined that *Morningstar* suffered from flawed rationale. See *Morningstar*, 299 Kan. at 1247-50 (Johnson, J., joined by Beier, J., dissenting).

In short, I would agree with the majority that the district court erred in increasing the legal aggravated robbery sentence from 35 to 59 months but did not err in correcting

15

the second-degree murder sentence to 186 months and correcting the conspiracy sentence to 34 months. But I would hold that the district court erred when it resentenced Jamerson to serve his conspiracy sentence consecutively.


BEIER, J., joins in the foregoing concurring and dissenting opinion.