IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 116,530

STATE OF KANSAS,
*Appellee*,

v.

ALCENA M. DAWSON,
*Appellant.*

SYLLABUS BY THE COURT

1.

In a direct appeal, a defendant will receive the benefit of any change in the law that occurs while the direct appeal is pending.

2.

After a direct appeal is final, a movant seeking the correction of an illegal sentence under K.S.A. 22-3504(1) will have the sentence's legality determined by the law in effect at the time the sentence was pronounced, unaffected by any subsequent change in the law.

3.

Although true changes in the law cannot transform a once legal sentence into an illegal sentence for purposes of correcting an illegal sentence under K.S.A. 22-3504(1), it may be possible for developments in the law to impact the original analysis of whether the sentence was illegal when pronounced.

1

Review of the judgment of the Court of Appeals in 55 Kan. App. 2d 109, 408 P.3d 995 (2017). Appeal from Sedgwick District Court; JOHN J. KISNER JR., judge. Opinion filed July 12, 2019. Judgment of the Court of Appeals affirming the district court is affirmed. Judgment of the district court is affirmed.

*Roger L. Falk*, of Law Office of Roger L. Falk, P.A., of Wichita, argued the cause and was on the briefs for appellant.

*Lance J. Gillett*, assistant district attorney, argued the cause, and *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, were with him on the briefs for appellee.

The opinion of the court was delivered by

JOHNSON, J.: Alcena M. Dawson seeks review of the Court of Appeals' decision to affirm the district court's summary denial of his 2015 motion to correct an illegal sentence with respect to his 1997 jury trial conviction for rape. On review, Dawson contends that his sentence was based on an incorrectly calculated criminal history score because a pre-Kansas Sentencing Guidelines Act (KSGA) burglary conviction was erroneously classified as a person felony.

Dawson principally relies on *State v. McAlister*, 54 Kan. App. 2d 65, 75-76, 78-79, 396 P.3d 100 (2017) (*McAlister I*), which held that our decision in *State v. Dickey*, 305 Kan. 217, 380 P.3d 230 (2016) (*Dickey II*), required the correction of all sentences that had classified pre-KSGA burglary convictions as person felonies. But the *Dawson* panel held that the holding in *McAlister I* was superseded by the retroactive application of a 2017 amendment to K.S.A. 22-3504. *Dawson*, 55 Kan. App. 2d at 118. Because we have reversed the *McAlister I* panel's decision, we arrive at the same destination as the *Dawson* panel below, albeit via a different route.

2

FACTUAL AND PROCEDURAL OVERVIEW

We take the liberty of adopting the Court of Appeals' description of the factual and procedural background of this case, up to the time it arrived in that court:

"On June 4, 1997, a jury found Dawson guilty of rape and the following month the district court sentenced him to serve 732 months in prison. A criminal history category B was computed for Dawson's sentencing based on two person felony convictions: a 1986 residential burglary and the conversion of three person misdemeanor convictions, scored as a second person felony. A claim that the district court erred in aggregating the misdemeanor convictions was among Dawson's arguments on direct appeal. This court affirmed Dawson's conviction and sentence. *State v. Dawson,* No. 79,652, unpublished opinion filed December 23, 1999 (Kan. App.), *rev. denied* 269 Kan. 935 (2000) (*Dawson I*). Dawson's sentence became final in March 2000, prior to the decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), in June 2000.

"A series of collateral attacks followed, including a motion to correct illegal sentence. See *Dawson v. State,* No. 94,720, 2006 WL 3877559 (Kan. App. 2006) (unpublished opinion), *rev. denied* 283 Kan. 930 (2007) (*Dawson II*); *State v. Dawson,* 43 Kan. App. 2d 800, 231 P.3d 582 (recounting postconviction history of the case), *rev. denied* 290 Kan. 1097 (2010) (*Dawson III*); *Dawson v. State*, No. 115,129, 2017 WL 262027 (Kan. App.) (unpublished opinion), *petition for rev. filed* February 21, 2017 (*Dawson IV*).

"In July 2015, Dawson filed another motion to correct illegal sentence, relying on the Kansas Supreme Court's decision in *State v. Dickey,* 301 Kan. 1018, 350 P.3d 1054 (2015) (*Dickey I*). The district court summarily dismissed Dawson's petition in a minute order, stating '[s]entence was final long before *Apprendi*, *Descamps* [*v. United States,* 570 U.S. 254, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013)], and/or *Dickey* decisions. They do not apply to [defendant's] case retroactively.'

3

"In September 2015, Dawson filed a motion to reconsider the summary dismissal. In that motion he contested the district court's rationale for summary denial—that *Apprendi*, *Descamps*, and *Dickey* did not apply to his sentence retroactively—and argued that 'an incorrect criminal history classification can be challenged at any time.' The district court denied the motion to reconsider in an October 19, 2015 minute order stating, '[n]o basis (legal or factual) for the court to reconsider.' The district court issued a second minute order on October 26, 2015, stating: '[n]othing new presented that would cause [court] to re-consider.' In his notice of appeal, Dawson referred to this ruling by its date, as well as to 'the decision of the District Court to deny/dismiss the Motion to Correct Illegal Sentence filed pursuant to K.S.A. 22-3504.' After the district court's orders from which Dawson appealed, Dawson filed yet another motion to correct illegal sentence and a motion to set aside judgment, which the district court summarily denied, stating, respectively: '[a]s previously ruled upon' and '[a]s per prior rulings.'

"Dawson's appeal of the district court's summary denial of his September 2015 motion to reconsider was timely, no other notices of appeal were filed, and the time for filing has passed on his successive motions that raised the same issues." *State v. Dawson*, 55 Kan. App. 2d 109, 110-11, 408 P.3d 995 (2017).

The panel noted that Dawson had identified the summary nature of the district court's dismissal as an issue, but he had abandoned that issue by failing to brief it. *Dawson*, 55 Kan. App. 2d at 111 (quoting *State v. Tague*, 296 Kan. 993, Syl. ¶ 3, 298 P.3d 273 [2013]). The panel also noted that Dawson's issue regarding the aggregation of three misdemeanors to score as a felony had been raised and rejected on direct appeal, as well as in prior K.S.A. 60-1507 proceedings, so that any right to appellate review of that issue had been exhausted and had become barred by res judicata. 55 Kan. App. 2d at 118-19. Dawson did not seek review of either of those panel holdings.

With respect to Dawson's remaining issue—whether the district court should have reclassified his 1986, pre-KSGA burglary conviction as a nonperson crime—the panel began by reviewing the cases underlying Dawson's arguments, to-wit: *McAlister I*, *State*

4

*v. Dickey,* 301 Kan. 1018, 350 P.3d 1054 (2015) (*Dickey I*), and *Dickey II*. The panel noted the conclusion reached in *McAlister I* was that McAlister's sentence was illegal and it could be corrected at any time, regardless of whether it had become final prior to *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). *Dawson*, 55 Kan. App. 2d at 115.

But the panel also pointed out that another panel of the Court of Appeals, in the earlier case of *State v. Tauer*, No. 114,432, 2016 WL 7032167 (Kan. App. 2016) (unpublished opinion), which coincidentally included the author of the opinion being reviewed here, had reached a contrary result on facts akin to those in *McAlister I*. The *Tauer* panel opined that *Dickey I* and *II* were founded on *Apprendi*; that *Apprendi* did not apply to cases final before it was decided in June 2000; and that, therefore, *Dickey I* and *II* could not apply in cases that were final before *Apprendi*. *Tauer*, 2016 WL 7032167, at *2. In sum, Tauer could not benefit from the later change in the law.

The panel in this case avoided choosing between the rationales of *Tauer* and *McAlister I* by relying on an amendment to K.S.A. 22-3504, effective May 18, 2017, that declared: "A sentence is not an 'illegal sentence' because of a change in the law that occurs after the sentence is pronounced." K.S.A. 2017 Supp. 22-3504(3); see *Dawson*, 55 Kan. App. 2d at 117-18. The panel opined that the May 2017 change applied retroactively to govern the district court's September 2015 decision and that the language was dispositive because the illegality that Dawson claims directly resulted from *Apprendi*'s subsequent change in the law. 55 Kan. App. 2d at 117-18.

This court granted review in Dawson's case, as well as in those of McAlister and Tauer.

Dawson argues that the *McAlister I* panel reached the correct result and this panel erred in refusing to resolve the conflicting panel decisions by relying on a subsequent 2017 amendment to K.S.A. 22-3504. Moreover, Dawson refutes both the panel's retroactive application of the 2017 statutory amendment and the panel's interpretation and application of the amendment to the facts of his case.

Given that we have reversed the holding in *McAlister I*, we need not address the panel's holdings with respect to the statutory amendment. We resolve the issue based upon identifying the point in time that the determination must be made as to the legality of a sentence for purposes of applying K.S.A. 22-3504(1).

*Standard of Review*

Whether a sentence is illegal is a question of law subject to unlimited review. *State v. Donahue*, 309 Kan. 265, 267, 434 P.3d 230 (2019). Interpretation of statutes is also a matter of law subject to unlimited review. *State v. Jamerson*, 309 Kan. 211, 214, 433 P.3d 698 (2019).

*Analysis*

Pursuant to K.S.A. 22-3504(1) "[t]he court may correct an illegal sentence at any time." A sentence is illegal under K.S.A. 22-3504 if it:  (1) was imposed by a court lacking jurisdiction; (2) does not conform to statutory provisions in character or term of punishment authorized; or (3) is ambiguous with regard to the time and manner it is to be served. *State v. Noyce,* 301 Kan. 408, 409-10, 343 P.3d 105 (2015). Dawson contends that he fits within the second circumstance because his sentence did not conform to the

6

current interpretation and application of the statutory provisions governing the calculation of his criminal history score.

As suggested above, Dawson hangs his hat squarely on the head of the Court of Appeals decision in *McAlister I*. But upon the State's petition for review, we reversed the *McAlister I* holding and upheld the district court's summary denial of the motion to correct an illegal sentence, albeit based upon a different rationale. *State v. McAlister*, 309 Kan. ___, ___, ___ P.3d ___ (No. 115,887, this day decided), slip op. at 2-3 (*McAlister II*).

In *McAlister II*, we looked to our recent decision in *State v. Murdock*, 309 Kan. 585, 439 P.3d 307 (2019) (*Murdock II*). The *Murdock II* holding applicable here is that the determination of the legality of a sentence for K.S.A. 22-3504(1) purposes is to be based on the law in effect when the sentence was pronounced, e.g. conformity with the statutory provisions then in effect. If the sentence was legal when originally imposed, a subsequent change in the law cannot transform a legal sentence into an illegal sentence. Specifically, *Murdock II* said that

> "the legality of a sentence under K.S.A. 22-3504 is controlled by the law in effect at the time the sentence was pronounced. The legality of a sentence is fixed at a discrete moment in time—the moment the sentence was pronounced. At that moment, a pronounced sentence is either legal or illegal according to then-existing law. Therefore, for purposes of a motion to correct an illegal sentence, neither party can avail itself of subsequent changes in the law." 309 Kan. at 591.

*Murdock II* clarified that it was not changing the longstanding rule that a defendant will receive the benefit of a change in the law that occurs while his or her case is pending on direct appeal. Its holding is that a movant under K.S.A. 22-3504(1) "is stuck with the law in effect at the time the sentence was pronounced." 309 Kan. at 592.

Likewise, *Murdock II* did not intend to foreclose the possibility that developments in the law might call for a reassessment of the original legality of the sentence at the time of pronouncement; to the contrary, its focus was on "true *changes* in the law." 309 Kan. at 592.

Here, Dawson does not argue that his sentences were illegal when pronounced in July 1997. Instead, he contends that his sentence was rendered illegal by our decisions in *Dickey I* and *Dickey II*, filed in 2015 and 2016 respectively, which in turn were influenced by the June 2000 change in the law effected by *Apprendi*. In other words, Dawson attempts to avail himself of a subsequent change in the law. We closed that door in *Murdock II*.

We note that, in challenging the panel's retroactive application of the statutory amendments, Dawson argues that *Dickey I* was not a change in the law. He points to *McAlister I*'s quote from *State v. Thomas*, 53 Kan. App. 2d 15, 24, 383 P.3d 152 (2016), *rev. denied* 306 Kan. 1330 (2017), stating that "'the court's holding in *Dickey* [*I*] is not a "change in the law" . . . , but rather an application of the constitutional rule announced in *Apprendi* and clarified by *Descamps*. [Citations omitted.]'" *McAlister I*, 54 Kan. App. 2d at 77. But, of course, that argument, even if accepted, does not carry the day for Dawson. Dawson's original sentence was final years before *Apprendi*'s rule was announced. Clearly, *Apprendi* was a true change in the law. See *State v. Gould*, 271 Kan. 394, 406, 23 P.3d 801 (2001) ("There is little dispute that *Apprendi* has had an immediate and dramatic impact on criminal law."). Any notion that Dawson is not relying on a change in the law to label his sentence illegal is simply unavailing.

In *McAlister II*, we noted that the Legislature had amended K.S.A. 22-3504 in 2017 and 2019, but that those changes had no impact on the *McAlister II* decision. Similarly, we need not address the Court of Appeals' holdings in this case with respect to

8

the 2017 amendments. To be clear, our affirming of the result reached by the *Dawson* panel is not to be construed as an imprimatur of its holdings with respect to the retroactivity, interpretation, or application of the 2017 amendments to K.S.A. 22-3504.

In sum, the Court of Appeals' affirmance of the district court's summary denial of Dawson's motion to correct an illegal sentence is affirmed.

Affirmed.

LUCKERT, J., not participating.
MICHAEL J. MALONE, Senior Judge, assigned.[1]

---

[1]**REPORTER'S NOTE:** Senior Judge Malone was appointed to hear case No. 116,530 vice Justice Luckert under the authority vested in the Supreme Court by K.S.A. 20-2616.