NOT DESIGNATED FOR PUBLICATION

No. 126,971

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CARL EUGENE LEMASTER,
*Appellant.*

MEMORANDUM OPINION

Appeal from Saline District Court; AMY NORTON, judge. Submitted without oral argument. Opinion filed January 10, 2025. Affirmed.

*James M. Latta*, of Kansas Appellate Defender Office, for appellant.

*Ethan C. Zipf-Sigler*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before BRUNS, P.J., SCHROEDER and CLINE, JJ.

PER CURIAM: Carl Eugene Lemaster timely appeals from the district court's revocation of his probation and imposition of his underlying prison sentence, arguing the district court lacked jurisdiction to do so because it had previously stated his probation was revoked but reinstated when imposing a jail sanction for an earlier probation violation. After careful review of the record, we find Lemaster's argument is not persuasive. Accordingly, we affirm the district court.

1

In May 2021, Lemaster was convicted of possession of methamphetamine with the intent to distribute. At sentencing, the district court imposed an underlying sentence of 59 months' imprisonment, suspended to 36 months' supervised probation. Lemaster's probation did not go well.

In November 2022, the State moved to revoke Lemaster's probation, alleging he used drugs or alcohol, failed to submit to urinalysis (UA) testing, and failed to comply with court-ordered treatment. The district court held a hearing in February 2023 at which Lemaster stipulated to the violations alleged in the State's motion. Based on the parties' joint recommendation, the district court stated it would "revoke but reinstate" Lemaster's probation for the original term of 36 months. The district court ordered Lemaster to abide by all terms and conditions of probation as originally imposed. The district court further ordered Lemaster serve a 30-day jail sanction, obtain a new drug and alcohol evaluation, and follow all recommendations therein.

In June 2023, the State filed a second motion to revoke probation, alleging Lemaster used drugs or alcohol, failed to submit to random UA testing, failed to comply with treatment, and failed to report to community corrections as directed. The district court held an evidentiary hearing wherein Lemaster again stipulated to the violations. The district court revoked Lemaster's probation and ordered him to serve his underlying prison sentence.

Once a probation violation is established, a district court has discretion to revoke probation unless otherwise limited by statute. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022); see K.S.A. 22-3716(b) and (c) (requiring graduated sanctions before revocation in certain circumstances). A judicial action constitutes an abuse of discretion if it "is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an

error of fact." *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018). As the party asserting the district court abused its discretion, Lemaster bears the burden of showing such abuse of discretion. See *State v. Crosby*, 312 Kan. 630, 635, 479 P.3d 167 (2021). To the extent the issue on appeal concerns jurisdiction, it presents a question of law subject to unlimited review. *State v. Hillard*, 315 Kan. 732, 775, 511 P.3d 883 (2022).

Lemaster argues the district court had no jurisdiction to revoke his probation upon the second violation because the district court used the words "revoke but reinstate" when explaining its ruling at the first probation violation hearing. Essentially, Lemaster claims the moment the district court used the word revoke, his probation had been terminated and the district court failed to order him to serve a prison term at that time. Accordingly, Lemaster contends the district court inadvertently discharged him from probation without any prison sentence at the first probation violation hearing. Lemaster, therefore, argues the district court did not have jurisdiction to later revoke his probation because he should not have been on probation at the time of the second probation violation hearing. We find his argument unpersuasive.

As another panel of this court noted, district courts frequently use the phrase "'revoked and reinstated'" to mean a probation violation has been found, a nonprison sanction will be imposed, and the probationer will remain on probation. *State v. Boles*, No. 125,502, 2023 WL 2722476, at *4 (Kan. App. 2023) (unpublished opinion). Here, that is exactly what the district court did at the first probation violation hearing. Based on Lemaster's stipulation, the district court found a probation violation had been established. It is clear from the district court's ruling it was not discharging Lemaster from probation. Rather, the district court imposed a jail sanction and ordered Lemaster remain on probation after serving the jail sanction with the original 36-month term of probation and all conditions of probation still in place.

No reasonable person would interpret the district court's ruling here as discharging Lemaster from probation when it said Lemaster's probation was to continue on the same 36-month period. While Lemaster argues K.S.A. 22-3716(c)(1)(C) does not give the district court authority to reinstate probation after revocation, it is clear the district court was using "revoke but reinstate" as legal shorthand to denote a violation had been found but Lemaster would remain on probation following a jail sanction. See *Boles*, 2023 WL 2722476, at *4. And such a jail sanction was within the district court's authority under K.S.A. 22-3716(c)(9). Here, the district court's statements at the first probation violation hearing do not explicitly cite this statutory authority, but its ruling is still clear. Moreover, the journal entry reflects violations were found but probation was not revoked, and a 30-day jail sanction was ordered pursuant to K.S.A. 22-3716(c)(9).

As to Lemaster's argument a district court has no jurisdiction to reinstate a previously revoked probation under the Revised Kansas Sentencing Guidelines Act (KSGA), K.S.A. 21-6801 et seq., he misstates our Supreme Court's guidance in *State v. Jamerson*, 309 Kan. 211, 433 P.3d 698 (2019). There, our Supreme Court stated:

> "[T]his court has repeatedly held that the KSGA deprived district courts of the jurisdiction to modify sentences *except to* correct arithmetic or clerical errors, to consider or reconsider departures from presumptive sentences, *or* to modify sentences by reinstating previously revoked probations." (Emphases added.) *Jamerson*, 309 Kan. at 215.

Lemaster omits critical language from this quote, citing it for the proposition: "Our Supreme Court 'has repeatedly held that the KSGA . . . deprived district courts of the jurisdiction . . . to modify sentences by reinstating previously revoked probations.' *State v. Jamerson*, 309 Kan. 211, 215, 433 P.3d 698 (2019)." We recognize this may be an oversight but remind counsel of the duty to accurately state controlling points of law. Kansas Rule of Professional Responsibility 3.3(a)(1) (2024 Kan. S. Ct. R. at 387).

Here, the district court did not revoke Lemaster's probation at the first probation violation hearing. Thus, Lemaster was properly on probation at the time of the second hearing, and the district court acted within its sound discretion and statutory authority based on Lemaster's additional probation violations. We observe no error of fact or law, and the district court's decision was eminently reasonable. Accordingly, Lemaster has not met his burden to show the district court abused its discretion by revoking his probation at his second revocation hearing and ordering him to serve his underlying prison sentence.

Affirmed.