NOT DESIGNATED FOR PUBLICATION

No. 127,391

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

GERALD E. GONZALES,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; SETH L. RUNDLE, judge. Submitted without oral argument. Opinion filed December 19, 2025. Affirmed.

*David L. Miller,* of The Law Office of David L. Miller, of Wichita, for appellant.

*Matt J. Maloney,* assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before HURST, P.J., HILL and ARNOLD-BURGER, JJ.

PER CURIAM: Gerald E. Gonzales was convicted in June 2007 of four criminal counts related to unlawful sexual acts with two children. The district court originally sentenced Gonzales to a prison term controlled by Count 2 of those convictions—an off-grid life sentence under Jessica's law. On direct appeal, the Kansas Supreme Court upheld Gonzales' convictions but vacated the sentence in Count 2 and remanded that conviction for resentencing as an on-grid nondrug felony under the Kansas Sentencing Guidelines Act (KSGA). This meant that after remand, Gonzales' prison sentence for Count 2 would

1

be shorter than originally sentenced. Undoubtedly, Gonzales believed his overall prison term would thus be shorter.

On remand the district court ordered the resentenced Count 2 on-grid sentence to run consecutive to Count 3, the primary on-grid conviction. This meant that even after resentencing Gonzales would have nearly the same term of imprisonment as originally imposed. Gonzales did not like that result and sought recourse through several avenues over the last decade. Most recently—and the subject of this appeal—Gonzales filed a motion to correct an illegal sentence, which the district court denied. Gonzales now appeals.

FACTUAL AND PROCEDURAL BACKGROUND

The convictions—not the underlying facts of Gonzales' crimes—are relevant to this appeal. In 2007, a jury convicted Gonzales of the following four charges related to conduct taking place between 2004 and 2006:

- Count 1— aggravated indecent liberties with a child, in violation of K.S.A. 2006 Supp. 21-3504(a)(1), a severity level 3 person felony, by engaging in sexual intercourse with C.M., a 14-year-old child, on or between January 1, 2006, to November 30, 2006;
- Count 2— aggravated indecent liberties with a child, in violation of K.S.A. 2006 Supp. 21-3504(a)(3)(A), an off-grid person felony, by engaging in lewd fondling or touching of N.M., a child under 14 years of age, on or between August 1, 2006, to November 30, 2006;
- Count 3— rape, in violation of K.S.A. 2006 Supp. 21-3502(a)(2), a severity level one person felony, by engaging in sexual intercourse with C.M., a child under 14 years of age, on or between August 1, 2004, to January 1, 2006;

2

- Count 4— violation of a protective order under K.S.A. 2006 Supp. 21-3843(a)(1), a class A person misdemeanor, by contacting the victim's mother by telephone the night before the preliminary hearing.

The district court found that under Jessica's Law, K.S.A. 2006 Supp. 21-4643(a)(1)(C), Gonzales was subject to a life sentence with a 25-year mandatory minimum prison term for Count 2. After pronouncing the off-grid sentence for Count 2, the district court identified Count 3 as the primary on-grid conviction and sentenced Gonzales to 253-months in prison for Count 3:

> "It's my understanding that in spite of there being an off-grid offense, the Court has to, for purposes of the record, declare a primary offense. The primary offense is the rape, Severity Level 1 person felony. With Mr. Gonzales being classified a criminal history D, that gives us a range of 240 to 267 months. Court's imposing a 253-month sentence on that rape offense."

The court then sentenced Gonzales to on-grid sentences of 59 months for Count 1 and 12 months for Count 4.

Important to this appeal, the district court ordered the sentences all be served concurrently, which meant Gonzales would serve a minimum 25 years in prison: "The Court is going to run the time concurrent. That leaves Mr. Gonzales with a life sentence, minimum 25 years."

*First direct appeal*

On direct appeal, Gonzales argued in part that because neither the charging document nor the jury instructions addressed the fact that Gonzales was 18 years of age or older at the time he committed the crime alleged in Count 3, his conviction should have been reversed and his off-grid sentence vacated. See *State v. Gonzales*, 289 Kan.

351, 365, 212 P.3d 215 (2009), *overruled on other grounds by State v. Dunn*, 304 Kan. 773, 375 P.3d 332 (2016). The Supreme Court concluded "Gonzales was validly convicted of aggravated indecent liberties with a child under the age of 14" but held the enhancement of the sentence under Jessica's Law was invalid. 289 Kan. at 354, 371. The court stated, "when a defendant is charged with an off-grid severity level offense of aggravated indecent liberties with a child, the element of the defendant's age must first be submitted to the jury and proved beyond a reasonable doubt in order for a defendant to be sentenced for an off-grid severity level offense under K.S.A. 21–4643." 289 Kan. at 371. The court vacated Gonzales' sentence under K.S.A. 21-4643 and remanded the case "for resentencing on Count II as a felony on the KSGA nondrug sentencing grid." 289 Kan. at 371.

*Remand and resentencing*

In November 2009, the district court resentenced Gonzales on the vacated count and found that Gonzales remained in the "D" criminal history category. The State explained that Gonzales' rape conviction and the corresponding 253-month sentence in Count 3 would become Gonzales' lead count and controlling sentence when Count 2 was resentenced on the grid. The State requested the court impose a 61-month sentence in Count 2 and argued the court should run the new sentence consecutive to Count 3 to create a controlling term of 253 plus 61 months—a little more than 26 years of imprisonment.

Gonzales argued the court should order the new sentence in Count 2 to run concurrent with the others in order to stay consistent with its decision at the original sentencing—to run all the sentences concurrent to the controlling sentence. The district court ultimately resentenced Gonzales to 59 months on Count 2 and ordered that the sentence run consecutive to the 253-month sentence for Count 3, which created a total controlling term of 312 months imprisonment (about 26 years).

*Appeal of resentencing denied through summary disposition*

Gonzales appealed the resentencing claiming the district court abused its discretion by running Count 2 consecutive to Count 3. Gonzales filed a motion for summary disposition of his sentencing appeal pursuant to K.S.A. 21-4721(g) and (h). In August 2011, the Supreme Court held that because imposition of consecutive sentences was not a sentencing departure, it was without jurisdiction to consider the issue, and it dismissed the appeal for that reason. *State v. Gonzales*, No. 104,373, 2011 WL 3558302, at *1 (Kan. 2011) (unpublished opinion).

*The first K.S.A. 60-1507 motion*

In 2013, Gonzales sought other relief, apparently asserting claims of ineffective assistance of counsel under K.S.A. 60-1507. The district court denied that claim and a panel of this court affirmed that decision. *Gonzales v. State*, No. 109,157, 2014 WL 3289775 (Kan. App. 2014) (unpublished opinion).

*The first Motion to Correct an Illegal Sentence and appeal of the district court's denial*

In August 2015, Gonzales filed a pro se Motion to Correct an Illegal Sentence under K.S.A. 22-3504. Among other things, Gonzales argued the district court erred on remand by imposing consecutive sentences when he was only supposed to be resentenced on Count 2. Gonzales argued the decision was vindictive and violated his due process rights. In November 2015, the district court summarily denied Gonzales' motion and his request for appointment of counsel. As to Gonzales' sentencing argument, the court stated, "The sentencing court was permitted to sentence [Gonzales] as it did at the resentencing," citing *State v. Morningstar*, 299 Kan. 1236, Syl. ¶ 5, 329 P.3d 1093 (2014).

Gonzales appealed, but the appellate panel explained that the only claim Gonzales made on appeal was that the district court erred in summarily denying his motion without appointing counsel or conducting a hearing. See *State v. Gonzales*, No. 115,330, 2017 WL 751360, at * 1 (Kan. App. 2017) (unpublished opinion). The panel found Gonzales failed to argue the merits of his motion to correct an illegal sentence on appeal, and it rejected Gonzales' appeal. 2017 WL 751360, at *2.

*The Second Motion to Correct an Illegal Sentence*

In January 2023, Gonzales filed a second pro se Motion to Correct an Illegal Sentence under K.S.A. 22-3504. That motion is the subject of this appeal. Gonzales argued the district court lacked statutory authority on remand to run Count 2 (the vacated sentence) consecutive to Count 3. The State responded, and after the district court appointed counsel, Gonzales filed a "Supplemental Motion to Correct Illegal Sentence and Memorandum in Support and Reply to State's Response."

The district court held a hearing on August 30, 2023, at which Gonzales was not present. The district court recognized it was not the court that sentenced or resentenced Gonzales' case but expressed skepticism that the district court could change its original concurrent sentence to consecutive on remand. The court explained it was "stuck on what may have just been [its] faulty presumption that it would be error, for whatever reason, to change concurrent sentences to consecutive on resentencing."

The day after the hearing, in an apparent change of heart, the district court filed an order denying Gonzales' motion to correct an illegal sentence, citing the Kansas Supreme Court's *Jamerson* decision. See *State v. Jamerson*, 309 Kan. 211, Syl. ¶ 5, 433 P.3d 698 (2019) ("When correcting an illegal sentence, the district court's authority in setting the length of the new prison term includes determining whether the corrected sentence will run consecutive to, or concurrent with, the other sentences.").

6

Gonzales appeals.

Gonzales argues that on remand from the appellate court's order to vacate and resentence Count 2, the district court was without statutory authority to change the sentence originally imposed in Count 2 to run consecutive to Count 3. Though Gonzales alleged in his original motion that the district court's resentencing on remand was vindictive, he does not make that argument on appeal. Therefore, any claims of vindictive sentencing or any other issues not briefed on appeal are waived. *State v. Davis*, 313 Kan. 244, 248, 485 P.3d 174 (2021) (an issue not briefed is deemed waived or abandoned).

This court exercises unlimited review over the interpretation of an appellate court mandate and whether the district court complied with it on remand. *State v. Morningstar*, 299 Kan. at 1240-41. Additionally, the interpretation of sentencing statutes are questions of law over which this court also has unlimited review. *Jamerson*, 309 Kan. at 214. Thus, whether a sentence is illegal within the meaning of K.S.A. 22-3504 is a question of law over which this court has unlimited review. 309 Kan. at 214. Therefore, this court owes no deference to the district court's decision and looks at the issue anew.

An appellate court may review and correct an illegal sentence at any time while the defendant is serving the sentence. K.S.A. 22-3504(a); see also *Morningstar*, 299 Kan. at 1237, 1240 (prohibition on appellate review of presumptive sentences does not extend to appellate review of a district court's interpretation of its sentencing authority under the KSGA). An illegal sentence is one that is "[i]mposed by a court without jurisdiction; that does not conform to the applicable statutory provision, either in character or punishment; or that is ambiguous with respect to the time and manner in which it is to be served at the time it is pronounced." K.S.A. 22-3504(c)(1).

7

Gonzales contends that his sentence is illegal because it does not conform to the applicable statutory authority. The KSGA provides statutory guidance for sentencing offenders, including resentencing on remand. See K.S.A. 21-6802 (the sentencing guidelines in the KSGA apply equally to all offenders in all parts of the state); K.S.A. 21-6819 (sentencing in multiple conviction cases). Thus, the KSGA limits the district court's discretionary authority to modify sentences on remand. *Jamerson*, 309 Kan. at 216. When one or more of the sentences in a multi-conviction case is vacated on appeal and ordered resentenced—which is what occurred here—the district court must correct only the illegal sentence on remand. See 309 Kan. at 216. That means the district court does not have authority to resentence any of the unaffected convictions. *State v. Guder*, 293 Kan. 763, 765-66, 267 P.3d 751 (2012); see also *State v. Warren*, 307 Kan. 609, 615, 412 P.3d 993 (2018) (when multi-conviction cases are remanded for resentencing, district courts may not modify sentences that have not been vacated and are not illegal).

This case outcome hinges on whether the district court's decision to run the new sentence in Count 2 consecutive to the original sentence in Count 3 constituted an improper modification of the existing, nonvacated sentences. In multi-conviction cases, the court must designate the primary crime to establish the base sentence and then determine whether convictions will be served concurrently or consecutively. The primary crime is typically the highest severity level conviction carrying the longest sentence, but it cannot be an off-grid conviction. See K.S.A. 21-6819(b)(2). Therefore, the off-grid conviction may carry the longest sentence, but the highest severity level on-grid conviction serves as the primary conviction. In multi-conviction cases with both on-grid and off-grid convictions, as was the original circumstance here, the court must then determine whether the off-grid conviction will be served consecutively or concurrently with the primary on-grid conviction. This determination is necessary because the offender must serve the entire off-grid sentence before their prison time is applied to the on-grid sentences if the sentences are ordered to be served consecutively. K.S.A. 21-6819(b)(2).

8

Gonzales relies on the Supreme Court's decision in *Guder* to argue that the district court impermissibly modified his nonvacated sentences by ordering Count 2 to run consecutive to the primary conviction in Count 3. See *State v. Guder*, 293 Kan. at 765-66. In *Guder*, the defendant was convicted of seven criminal counts, including unlawful manufacture of a controlled substance—the primary conviction. The district court sentenced Guder to 162 months of imprisonment on the unlawful manufacturing count, but the Court of Appeals vacated that sentence and directed the court to resentence Guder "at the appropriate severity level." 293 Kan. at 764. On remand, the district court resentenced Guder on the unlawful manufacturing count to 32 months' imprisonment, which remained the primary conviction. But the district court did not stop there. It also ordered the previously imposed 11-month sentence for a paraphernalia conviction to run consecutive to the manufacturing sentence rather than concurrent as it had been originally sentenced. 293 Kan. at 764-65 Guder appealed, and the Kansas Supreme Court found that the district court lacked authority to resentence on other convictions when only the sentence for the primary conviction was vacated. 293 Kan. at 767.

Here, unlike in *Guder*, the district court only resentenced the controlling off-grid sentence in Count 2, which was not the primary sentence, to a non-controlling on-grid sentence. It did not modify the sentence in any other conviction. In doing that, the district court had discretion to determine whether to run the new sentence in Count 2 consecutive or concurrent to the unchanged primary sentence in Count 3. See *Jamerson*, 309 Kan. at 218 ("The KSGA permits a district court imposing a term of imprisonment upon resentencing to determine anew whether the prison term[] runs consecutive to a defendant's other sentences."); *Morningstar*, 299 Kan. 1236, Syl. ¶ 5 ("When a term of imprisonment is vacated on appeal and remanded for resentencing, the district court's authority in setting the length of the new prison term includes determining on remand whether it will run consecutive to the defendant's other terms of imprisonment.").

The Kansas Supreme Court decided another case where, on remand, the district court ordered a vacated and resentenced conviction to be served consecutive to a non-vacated sentence which has some applicability here. In *Morningstar*, the district court originally imposed an off-grid hard 25 life sentence under Jessica's Law for Morningstar's rape conviction. It then identified Morningstar's highest level on-grid conviction—aggravated battery—as the primary sentence and applied his full criminal history to that conviction. Like here, the district court ordered all the on-grid sentences to run concurrent with each other and with the off-grid hard 25 life sentence. Just as in this case, the Supreme Court affirmed Morningstar's convictions but vacated the off-grid rape sentence and ordered it resentenced. See 299 Kan. at 1238.

Unlike here, the resentencing of Morningstar's rape conviction directly impacted his aggravated battery sentence. The newly sentenced on-grid rape conviction replaced the aggravated battery conviction as the highest severity level conviction, which made the resentenced rape conviction the new primary conviction. *Morningstar*, 299 Kan. at 1238. "This meant the district court was required to apply Morningstar's full criminal history to the rape conviction, which in turn required resentencing for the aggravated battery conviction without applying a criminal history score." 299 Kan. at 1238. The offender's full criminal history is only applied to that primary conviction to create the base sentence. K.S.A. 21-6819(b)(3), (5). On remand, after correctly resentencing Morningstar for the rape and aggravated battery convictions, the district court ordered the new on-grid rape conviction to run consecutive to the other sentences even though it had originally ordered all the on-grid sentences to run concurrent with each other. 299 Kan. at 1239.

Upholding the district court's resentencing decision, the Supreme Court explained that "the caveat to *Guder* is that the non-vacated sentences must be otherwise lawful when the case is returned to the district court on remand." 299 Kan. at 1243. The court reasoned that "the district court had to correct the aggravated battery sentence as well because it was no longer the primary offense after the off-grid rape sentence was

10

vacated," and absent the modification, the nonvacated aggravated battery sentence would have become an illegal sentence. 299 Kan. at 1244. Unlike in *Morningstar*, here the district court only resentenced Count 2 on remand—it did not modify any other convictions. In cases involving multiple convictions, "whether a sentence runs consecutive to the defendant's other sentence or sentences is related, if not intertwined, with the sentencing court's discretion to choose the appropriate term of months," and running the resentenced case consecutive to the other sentences is a "permissible mechanism available to the district court under the KSGA for regulating the sentence's length." 299 Kan. at 1245.

Additionally, unlike the Supreme Court's decision in *Warren*, the district court's decision to run the sentence in Count 2 consecutive to Count 3 did not change the application of Gonzales' time already served. In *Warren*, the defendant's off-grid sentence was vacated and resentenced on remand to a lesser but still off-grid sentence. Warren's three counts were originally ordered to be served concurrently, so the time Warren had served counted toward all three convictions. However, the district court's decision to run the resentenced off-grid sentence consecutive to Warren's on-grid sentences effectively changed the application of Warren's time served from all three counts to just the off-grid count until its completion. As explained above, when on-grid and off-grid sentences are ordered to run consecutively the KSGA requires the defendant to serve their entire off-grid sentence before any time served can be applied to the on-grid sentence. 307 Kan. at 614 (citing K.S.A. 21-4720[b][2]). In *Warren*, the Supreme Court held that the change from concurrent to consecutive sentences created an "impermissible de facto" modification of the defendant's non-vacated sentences. 307 Kan. at 614. There is no such result here.

Essentially, Gonzales claims the district court erred because he did not receive a reduced total term of imprisonment when the district court resentenced Count 2 from a minimum of 25 years (about 300 months) to 59 months. By running the resentenced

11

Count 2 consecutive to the primary Count 3, the district court effectively created a new total term of imprisonment similar to the original term which eliminated the potential for a reduced prison term from the resentenced conviction. While this might seem unfair, it does not violate the KSGA. In resentencing Count 2, the district court was permitted to create a new sentence consistent with applicable sentencing guidelines, which included whether Count 2 would run concurrently with or consecutively to Gonzales' other sentences. See *Morningstar*, 299 Kan. 1236, Syl. ¶ 5 (The district court's authority "includes determining on remand whether [a resentenced conviction] will run consecutive to the defendant's other terms of imprisonment."); see also *Jamerson*, 309 Kan. at 218 ("The KSGA permits a district court imposing a term of imprisonment upon resentencing to determine anew whether the prison term[ ] runs consecutive to a defendant's other sentences."). Moreover, the result appears consistent with the length of time the district court believed Gonzales should serve for his crimes.

CONCLUSION

On remand from a vacated sentence, the KSGA authorizes district courts to resentence defendants within the permissible guidelines, which includes determining whether the resentenced count will run consecutive to or concurrent with other counts. Here, the district court used that authority to effectively eliminate any benefit Gonzales would recognize from the resentencing in his case. The prevailing case law does not prohibit such sentencing manipulation. The Court of Appeals is duty-bound to follow Kansas Supreme Court precedent unless there is some indication that the Supreme Court is departing from its previous position, and our review of the caselaw reveals no such indication. See *State v. Patton*, 315 Kan. 1, 16, 503 P.3d 1022 (2022).

The district court's resentencing decision does not violate the sentencing statutes and does not directly nor de facto modify any sentence other than the vacated sentence.

The district court did not impose an illegal sentence under K.S.A. 22-3504.

Affirmed.