NOT DESIGNATED FOR PUBLICATION

No. 126,079

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ROBERT WILSON BLOW III,
*Appellant*.

MEMORANDUM OPINION

Appeal from Washington District Court; KIM W. CUDNEY, judge. Submitted without oral argument. Opinion filed March 29, 2024. Affirmed.

*Sean P. Randall*, of Kansas Appellate Defender Office, for appellant.

*Elizabeth Baskerville Hiltgen*, county attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before SCHROEDER, P.J., ISHERWOOD and PICKERING, JJ.

PER CURIAM: Robert Wilson Blow III appeals the district court's calculation of his criminal history score for the purposes of sentencing. He contends that the district court erred in using his prior criminal threat conviction to calculate his criminal history score because the recklessness portion of that provision has been deemed unconstitutional. But the charging documents undeniably reflect that Blow was convicted of intentional criminal threat. Thus, we detect no error in the district court's criminal history calculation and affirm the sentence it imposed.

1

In December 2022, Blow reached an agreement with the State to plead no contest to two severity level 5 drug felonies—unlawful possession of methamphetamine and unlawful possession of marijuana—and three class B nonperson misdemeanors—possession of drug paraphernalia, operating a motor vehicle without a valid driver's license, and failure to provide proof of liability insurance. In exchange, the State agreed not to oppose Blow's sentencing request for a departure to probation. The district court accepted Blow's plea, and prior to sentencing, Blow moved for a dispositional departure or, in the alternative, a durational departure.

A presentence investigation (PSI) report was issued and reflected that Blow had a criminal history score of A based on two prior person felonies and three person misdemeanors, which converted to an additional person felony conviction for the purposes of criminal history scoring. One of the person felonies was a 2009 conviction for criminal threat in violation of K.S.A. 2009 Supp. 21-3419(a)(1).

At sentencing, Blow did not object to his criminal history score and acknowledged the accuracy of its components as outlined in the PSI report. The district court denied Blow's departure request and sentenced him to serve a controlling sentence of 51 months' imprisonment with 12 months' postrelease supervision.

Blow now brings his case to us for a determination of whether there is a flaw in the calculation of his criminal history score.

LEGAL ANALYSIS

*Blow's criminal history score was properly calculated as A.*

For the first time on appeal, Blow argues the district court incorrectly calculated his criminal history score because the State failed to prove that his prior conviction for criminal threat was constitutionally valid, thus rendering his sentence illegal. The State responds that Blow has failed to designate a record showing prejudicial error because the charging documents prove that Blow was convicted of intentional criminal threat.

When a defendant argues that there is an error in his or her criminal history score, rendering their sentence illegal, the reviewing court is presented with a question of law over which it exercises unlimited review. *State v. Dawson*, 310 Kan. 112, 116, 444 P.3d 914 (2019). Similarly, when the question under review involves the proper classification of a prior conviction, the appellate court is tasked with analyzing a legal question and again exercises unlimited review in resolving the matter. *State v. Dickey*, 305 Kan. 217, 220, 380 P.3d 230 (2016). Although Blow did not oppose his criminal history score before the district court, he is not prohibited from raising the challenge for the first time on appeal because an illegal sentence can be corrected at any time. See K.S.A. 22-3504(a); *State v. Steinert*, 317 Kan. 342, 349, 529 P.3d 778 (2023).

But because Blow stipulated to his criminal history score at sentencing, he bears the burden of designating a record that shows prejudicial error. If Blow fails to provide such a record, we are well within our right to dismiss the claim. In designating a record that shows prejudicial error, Blow may provide the appellate court with journal entries even if they were not originally attached to the criminal history worksheet. We may take judicial notice of such journal entries, complaints, plea agreements, jury instructions, and verdict forms when determining whether prejudicial error exists. See K.S.A. 21-6814(d).

Under K.S.A. 21-6810(d)(9), the district court cannot use a prior conviction that has "since been determined unconstitutional by an appellate court" to calculate criminal history.

The crux of Blow's argument arises out of the holding in *State v. Boettger*, 310 Kan. 800, 822-23, 450 P.3d 805 (2019), that a conviction for criminal threat based solely on recklessness is unconstitutional. Our Supreme Court reasoned that the recklessness provision was "unconstitutionally overbroad because it [could] apply to statements made without the intent to cause fear of violence," and the language of the statute "provide[d] no basis for distinguishing circumstances where the speech is constitutionally protected from those where the speech does not warrant protection under the First Amendment." 310 Kan. at 822-23. As a result, various panels from our court have found that where it is unclear which provision of the criminal threat statute a defendant's prior conviction is based on, error occurs when this conviction is used in calculating the defendant's criminal history score. See *State v. Degand*, 63 Kan. App. 2d 457, Syl. ¶ 2, 530 P.3d 439 (2023); *State v. Holloman*, No. 125,062, 2023 WL 3143656, at *5 (Kan. App. 2023) (unpublished opinion); *State v. Martinez-Guerrero*, No. 123,447, 2022 WL 68543, at *5-6 (Kan. App. 2022) (unpublished opinion).

In this case, Blow's PSI report did not specify whether his prior conviction was for making an intentional or reckless criminal threat. But in an effort to fulfill his obligation to designate a prejudicial record, he has provided us with copies of the journal entry from his 2009 criminal threat conviction. That document evidences that Blow pled no contest to the criminal threat count, but it does not specify whether Blow was convicted under the intentional or reckless theory. The State, however, has attached the charging document from his 2009 criminal threat case, which indicates the State charged Blow with "unlawfully, feloniously, and *intentionally* communicat[ing] a threat to commit violence." (Emphasis added.) This same language is found in the two amended complaints.

4

Generally, resolution of appeals involving the proper classification of prior criminal threat convictions requires a highly fact-dependent inquiry. See *Holloman*, 2023 WL 3143656, at *3. In *Degand*, *Holloman*, and *Martinez-Guerrero*, the panels examined the plea hearing transcripts to determine whether the factual basis of the defendant's plea revealed that the offense was properly characterized as an intentional criminal threat. Here, the panel only has access to the journal entry and charging documents to make its determination. But distinct from those cases in which the defendant was charged under either provision, the charging documents here clearly reflect that Blow was charged solely under the intentional provision of the criminal threat statute. Therefore, the record reflects that Blow pled no contest to and was convicted of intentional criminal threat. Thus, it is unnecessary for us to inquire any further into the factual basis of Blow's plea.

Because the charging documents show that Blow was charged under the intentional provision of the criminal threat statute and he pled no contest at his plea hearing, the district court properly classified Blow's prior criminal threat conviction as a person felony. Accordingly, there is no evidence Blow is subject to an illegal sentence.

Additionally, both parties address the interplay of the United States Supreme Court's decision in *Counterman v. Colorado*, 600 U.S. 66, 143 S. Ct. 2106, 216 L. Ed. 2d 775 (2023), with the *Boettger* decision. Because it is evident that Blow's prior criminal threat conviction was not based on recklessness, we need not delve into what effect, if any, *Counterman* has on the holding in *Boettger*.

Affirmed.