NOT DESIGNATED FOR PUBLICATION

No. 127,272

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MICHAEL E. RUNDLES,
*Appellant.*

MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRYSTAL KRIER, judge. Opinion filed February 28, 2025. Affirmed in part and dismissed in part.

Submitted by the parties for summary disposition under K.S.A. 21-6820(g) and (h).

Before WARNER, C.J., GARDNER and HURST, JJ.

PER CURIAM: After pleading guilty to violating offender registration requirements, Michael E. Rundles appeals his sentence. Rundles claims that the district court erred in calculating his criminal history score and abused its discretion by denying a dispositional departure or a greater durational departure. Rundles moved for summary disposition under Supreme Court Rule 7.041A (2024 Kan. S. Ct. R. at 48), and we granted leave to proceed without briefing. Having reviewed the record, we dismiss Rundles' criminal history score claim, find no abuse of discretion in the district court's sentencing decision, and affirm the district court's judgment.

1

*Factual and Procedural Background*

In 2002, Rundles pleaded guilty to criminal sexual abuse, a class A misdemeanor, in Illinois. Rundles later moved to Kansas where, since 2005, he has been required to register as an offender under the Kansas Offender Registration Act (KORA).

In July 2023, the State charged Rundles with one count of violating KORA, a severity level 6 felony, for failing to timely notify appropriate parties that he had moved from his registered address. Following plea negotiations with the State, Rundles waived his preliminary hearing and pleaded guilty to the offense.

In the plea agreement, the State agreed to recommend a durational departure sentence of 20 months in prison, based on these substantial and compelling reasons:

- Rundles' quick resolution of the case;
- Rundles' acceptance of responsibility; and
- The technical nature of the KORA violation alleged.

The State explained that its recommendation would change if Rundles received a dispositional departure to probation; if the judge imposed probation, the State would recommend the high sentence in the applicable grid box as the suspended prison term.

After the plea hearing, Rundles moved for a dispositional departure or a greater durational departure than in the plea agreement. He asked the district court to grant him probation or impose only 10 months' incarceration instead of 20.

A presentence investigation report stated that Rundles' criminal history score was B. But the State objected that two criminal threat convictions Rundles had received in

2

2017 should be treated as person felonies for sentencing purposes. A transcript of the plea hearing in the criminal threats case showed that Rundles pleaded to "intentional or reckless" acts. The State acknowledged our Supreme Court's ruling in *State v. Boettger*, 310 Kan. 800, 822-23, 450 P.3d 805 (2019), holding convictions for criminal threat based solely on recklessness are unconstitutional. But the State argued that *Counterman v. Colorado*, 600 U.S. 66, 143 S. Ct. 2106, 216 L. Ed. 2d 775 (2023), overruled *Boettger* and allowed convictions for reckless threats. *Counterman* held that a mental state of recklessness can establish a true threat, unprotected by the First Amendment to the United States Constitution. 600 U.S. at 79-80. The State thus contended that Rundles' criminal threat convictions should be graded an A.

The district court agreed with the State, having previously considered a similar argument and found that *Counterman* overruled *Boettger*. And citing *State v. Phipps*, 63 Kan. App. 2d 698, 539 P.3d 227 (2023), *rev. granted* 318 Kan. 1089 (2024), the district court noted that this court had already affirmed such a ruling on appeal. The district court also denied Rundles' request for a dispositional departure and for a durational departure of 10 months' incarceration. Still, the district court granted Rundles the recommended durational departure sentence of 20 months' imprisonment.

Rundles timely appeals.

*Rundles fails to raise a reviewable claim challenging his criminal history score.*

Rundles first argues that the district court erred by including his criminal threat convictions as person felonies in his criminal history score. He claims that *Boettger* is still good law. He also asserts that even if *Counterman* overruled *Boettger* and thus allowed the district court to include reckless criminal threats in a criminal history, *Counterman* does not apply to him because he committed his KORA violation before

*Counterman* was decided; thus, the district court erred by applying that ruling retroactively.

Yet Rundles and the State also agree that Rundles received a lesser sentence even with his A criminal history score than he would have received had he been sentenced according to the grid box range for a B score. Rundles thus states that there is no need to amend his criminal history score and tacitly concedes he has no reason to remand for resentencing on this basis. Given this concession, the State asks us to find the issue moot or any error harmless. Because Rundles does not allege any harm or request relief, we dismiss the issue.

*Standard of Review*

When a defendant argues that an error has been made in his or her criminal history score, rendering the sentence illegal, the reviewing court is presented with a question of law over which it exercises unlimited review. *State v. Dawson*, 310 Kan. 112, 116, 444 P.3d 914 (2019). Similarly, when the question under review involves the proper classification of a prior conviction, the appellate court is tasked with analyzing a legal question and again exercises unlimited review in resolving the matter. *State v. Dickey*, 305 Kan. 217, 220, 380 P.3d 230 (2016).

*Discussion*

The crux of the parties' arguments rests on the constitutionality of Rundles' previous criminal threat convictions. Under K.S.A. 21-6810(d)(9), the district court cannot use a prior conviction that has "since been determined unconstitutional by an appellate court" to calculate criminal history.

In *Boettger*, 310 Kan. 800, our Supreme Court held that a conviction for criminal threat based solely on recklessness is unconstitutional, reversing a contrary finding by a panel of this court. See *State v. Boettger*, No. 115,387, 2017 WL 2709790, at *5 (Kan. App. 2017) (unpublished opinion). But the United States Supreme Court later held in *Counterman* that under the First Amendment to the United States Constitution, recklessness is sufficient to prove a true threat. 600 U.S. at 79-80. Our Supreme Court has not yet resolved the conflict between these decisions.

But as the district court noted at its December 2023 sentencing, a panel of this court in *Phipps* held that *Counterman* overruled the relevant holding in *Boettger*. See *Phipps*, 63 Kan. App. 2d 698, Syl. ¶ 1 (finding no error in using reckless criminal threat conviction to calculate criminal history score because *Counterman* overruled *Boettger*). At the time of Rundles' sentence, *Phipps* was at least persuasive authority even though a petition for review was pending. See Supreme Court Rule 8.03(k)(1) (2024 Kan. S. Ct. R. at 61) (Court of Appeals decisions not binding while petition for review still pending and citation to such decisions must say the case is not final). But our Supreme Court later granted review of *Phipps*, and since that grant of review, *Phipps* has no force or effect. See Supreme Court Rule 8.03(k)(2) (2024 Kan. S. Ct. R. at 61) ("If a petition for review is granted, the Court of Appeals decision has no force or effect."). Our Supreme Court has not yet issued a decision on *Phipps*.

In any event, even if *Boettger* is still good law, Rundles does not argue that the district court's alleged error prejudiced him in any way. Nor does he request any relief on these grounds. He instead states in his motion for summary disposition that his criminal history score should not be corrected because he received a more favorable sentence than he would have under the lower score. So we have no need to resolve the *Boettger* v. *Counterman* argument here. And we shall not do so as any opinion we would offer would be an improper advisory opinion. See *State v. Montgomery*, 295 Kan. 837, 840, 286 P.3d

866 (2012) (appellate courts do not decide moot questions or render advisory opinions); see also *State v. Lawson*, No. 126,008, 2024 WL 2104651, at *4 (Kan. App.) (unpublished opinion) (declining to review argument about *Counterman* and *Boettger* for the same reason), *rev. denied* 319 Kan. 835 (2024).

Similarly, we decline to reach the merits of Rundles' argument about retroactivity. That argument was not raised at the district court level so it is unpreserved, and Rundles does not argue that any exception applies to our general preservation rules. See *State v. Green*, 315 Kan. 178, 182, 505 P.3d 377 (2022) (issues cannot be raised for first time on appeal); *State v. Johnson*, 309 Kan. 992, 995, 441 P.3d 1036 (2019) (parties must explain why unpreserved issues should be considered). We thus dismiss this part of Rundles' appeal.

*Rundles shows no abuse of discretion in the district court's departure decision.*

Rundles next argues that the district court erred by denying his motion for a dispositional departure or a greater durational departure to 10 months' incarceration. Rundles asserts that he showed substantial and compelling reasons for granting such departures and that the district court agreed, having accepted those reasons when departing downward to a 20-month sentence.

Because the district court granted Rundles a durational departure sentence, this court has jurisdiction to review his claim that the district court erred by denying his request for a dispositional departure. K.S.A. 21-6820(a) (Departure sentences are "subject to appeal by the defendant or the state."); see *State v. Ibarra*, 307 Kan. 431, 433, 411 P.3d 318 (2018); *State v. Looney*, 299 Kan. 903, 908-09, 327 P.3d 425 (2014).

A district court may depart from the presumptive sentence required by the Kansas Sentencing Guidelines Act when the court finds "substantial and compelling reasons" to justify the departure. K.S.A. 21-6815(a). Substantial reasons are "'real, not imagined, and of substance, not ephemeral.'" *State v. Montgomery*, 314 Kan. 33, 36, 494 P.3d 147 (2021). A district court's decision to deny a departure will be reversed only if this court determines that the district court's findings of fact are not supported by substantial competent evidence or that the court's consideration of facts supporting its decision constituted an abuse of discretion. A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *Ibarra*, 307 Kan. at 433. The party asserting that the district court abused its discretion bears the burden of showing such abuse. *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018). Rundles fails to meet this burden here.

The trial court considered Rundles' stated reasons for departure and determined that the reasons stated in the plea agreement established substantial and compelling reasons for a durational departure. Even so, this finding did not necessarily show that a dispositional departure was also appropriate. See *State v. Allen*, No. 118,774, 2019 WL 986038, at *2 (Kan. App. 2019) (unpublished opinion) (granting durational departure but denying dispositional departure because defendant was not amenable to probation).

The district court has significant latitude in exercising its discretion when sentencing. See *State v. Huerta*, 291 Kan. 831, 836, 247 P.3d 1043 (2011). Rundles points to no error of fact or law. And having reviewed the record and Rundles' arguments on appeal, we find that a reasonable person could have reached the same conclusion as did the district court—that the circumstances supported the durational departure to 20 months' imprisonment.

7

The district court did not abuse its discretion by denying Rundles' requests for a dispositional departure and a greater durational departure. We thus affirm the district court's judgment.

Affirmed in part and dismissed in part.