NOT DESIGNATED FOR PUBLICATION

No. 128,245

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SPENCER LEE ALLEN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE BROWN, judge. Submitted without oral argument. Opinion filed February 13, 2026. Affirmed.

*Kasper Schirer*, of Kansas Appellate Defender Office, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before SCHROEDER, P.J., MALONE and GARDNER, JJ.

PER CURIAM: Spencer Lee Allen appeals his sentence, arguing the district court erred in calculating his criminal history score by including two convictions for criminal threat. He argues that the offense of criminal threat under K.S.A. 21-5415(a)(1) is an indivisible offense, so the intentional version of the offense cannot be used for criminal history scoring purposes because the reckless version of the offense was declared unconstitutional in *State v. Boettger*, 310 Kan. 800, 450 P.3d 805 (2019). We reject Allen's claim and affirm the district court's judgment.

1

*Factual and procedural background*

Allen agreed to plead guilty to two counts of aggravated assault in exchange for the State's recommendation for concurrent sentences and probation. Before sentencing, Allen moved for a dispositional departure, arguing that he had been engaging with mental health services following his arrest and had accepted responsibility for his actions. The State joined Allen's request for the departure.

At the sentencing hearing, the district court found that Allen's criminal history score was B, based in part on two 2014 Kansas criminal threat convictions under K.S.A. 21-5412(a)(1). Allen's counsel did not object to the criminal history score, and Allen told the court that he agreed with it. The district court sentenced Allen to a controlling term of 27 months' imprisonment but granted probation for 24 months to be supervised by community corrections. Allen timely appealed his sentence.

*Did the district court err in calculating Allen's criminal history score?*

Allen claims his sentence is illegal because his criminal history score was based in part on two prior Kansas convictions for criminal threat. He argues that the offense of criminal threat is not divisible and therefore no conviction for criminal threat under K.S.A. 21-5415(a)(1)—whether of the intentional or reckless variety—may ever be included in a defendant's criminal history score. The State maintains that Allen's criminal threat convictions were properly included in his criminal history score under current Kansas Supreme Court precedent, and that Allen has failed to designate a record sufficient to show that his criminal history score was incorrectly calculated.

When a defendant argues that there is an error in their criminal history score rendering their sentence illegal, this court is presented with a question of law over which it exercises unlimited review. *State v. Dawson*, 310 Kan. 112, 116, 444 P.3d 914 (2019).

Although Allen agreed with the district court's calculation of his criminal history score at sentencing, he is not prohibited from raising his challenge for the first time on appeal because an illegal sentence can be corrected at any time the defendant is still serving the sentence. See K.S.A. 22-3504(a); *State v. Steinert*, 317 Kan. 342, 349, 529 P.3d 778 (2023). Moreover, K.S.A. 21-6814(d) allows an offender to raise a criminal history challenge for the first time on appeal.

Under K.S.A. 21-6814(d), an offender is obligated to designate a record on appeal to support their claim and has the burden to prove it.

> "If an offender raises a challenge to the offender's criminal history for the first time on appeal, the offender shall have the burden of designating a record that shows prejudicial error. If the offender fails to provide such record, the appellate court shall dismiss the claim. In designating a record that shows prejudicial error, the offender may provide the appellate court with journal entries of the challenged criminal history that were not originally attached to the criminal history worksheet, and the state may provide the appellate court with journal entries establishing a lack of prejudicial error. The court may take judicial notice of such journal entries, complaints, plea agreements, jury instructions and verdict forms for Kansas convictions when determining whether prejudicial error exists. The court may remand the case if there is a reasonable question as to whether prejudicial error exists." K.S.A. 21-6814(d).

K.S.A. 21-5415(a)(1) provides that a criminal threat is any threat to "[c]ommit violence communicated with intent to place another in fear, . . . or in reckless disregard of the risk of causing such fear . . . ." On appeal, Allen has not provided a record that shows which variety of criminal threat he was convicted of in 2014. In fact, he does not even attempt to argue that his criminal threat convictions were for the reckless variety of criminal threat under K.S.A. 21-5415(a)(1). Instead, he argues that the ruling in *Boettger*, 310 Kan. 800, Syl. ¶ 3, that the reckless means of committing criminal threat was

unconstitutional, rendered all criminal threat convictions unusable for criminal history purposes because the intentional and reckless means of the crime are indivisible.

In *Boettger*, the Kansas Supreme Court held that the portion of K.S.A. 2018 Supp. 21-5415(a)(1) that criminalized *reckless* criminal threats violated the First Amendment to the United States Constitution. 310 Kan. 800, Syl. ¶ 3. Since then, the United States Supreme Court decided *Counterman v. Colorado*, 600 U.S. 66, 69, 143 S. Ct. 2106, 216 L. Ed. 2d 775 (2023), holding that "a mental state of recklessness is sufficient" to prove that the speaker had a subjective understanding that communications were true threats.

More recently, in *State v. Smith*, 320 Kan. 62, 563 P.3d 697 (2025), the Kansas Supreme Court found it was unnecessary to decide whether *Counterman* effectively overruled its holding in *Boettger*. The *Smith* court held that under K.S.A. 21-6810(d)(9), a *reckless* criminal threat conviction cannot be included in a criminal history score because at one point the reckless version of the offense was found to violate the First Amendment. 320 Kan. at 90. But as part of this holding, the *Smith* court explained that a defendant's prior conviction for criminal threat can be considered if that conviction was based on *intentional* conduct. 320 Kan. at 91.

Panels of this court have followed this same rationale, finding convictions for intentional rather than reckless criminal threat should still be scored as person felonies. See *State v. Degand*, 63 Kan. App. 2d 457, 460, 530 P.3d 439 (2023), *rev. denied* 317 Kan. 847 (2023); *State v. Blow*, No. 126,079, 2024 WL 1338960, at *2 (Kan. App. 2024) (unpublished opinion); *State v. Harrington*, No. 125,022, 2023 WL 9016151, at *13 (Kan. App. 2023) (unpublished opinion). While the State suggests that it believes that both *Smith* and *Boettger* were wrongly decided, it maintains that these decisions show that the criminal history issue Allen presents is meritless.

4

Allen claims the district court was constitutionally prohibited from engaging in "sentence-enhancing judicial fact[]finding." He asserts that K.S.A. 21-5415(a)(1) is an "indivisible" statute prohibiting the court from using the modified categorical approach to determine whether a criminal threat is intentional or reckless. Allen's argument ignores the fact that he stipulated to his criminal history, so the district court did not engage in fact-finding. Moreover, Allen's argument that the criminal threat statute is "indivisible" is premised on the Kansas Supreme Court's decision in *State v. Williams*, 303 Kan. 750, Syl. ¶ 3, 368 P.3d 1065 (2016). But *Williams* does not hold that K.S.A. 21-5415(a)(1) is indivisible such that it cannot be applied for criminal history scoring purposes—the decision does not discuss divisibility at all. *Williams* only holds that the prior version of the criminal threat statute—K.S.A. 21-3419(a)(1)—presented two alternative means of committing the crime, either intentionally or recklessly. 303 Kan. at 761. And in *Boettger*, the Kansas Supreme Court struck down only the reckless portion of the statute, it did not declare the intentional version of the crime to be unconstitutional. 310 Kan. 800, Syl. ¶ 3. Thus, a defendant's conviction for an intentional criminal threat may still be scored in their criminal history.

Allen fails to meet his burden under K.S.A. 21-6814(d) to show prejudicial error. Because Allen admitted to his criminal history score at sentencing, he now needs to affirmatively show that he was convicted of reckless criminal threat to establish that his prior convictions could not be counted in his criminal history. He has not tried to do so. We reject Allen's claim that he is serving an illegal sentence.

Affirmed.