NOT DESIGNATED FOR PUBLICATION

No. 128,172

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RICHARD LOUIS KOLBEK II,
*Appellant*.

MEMORANDUM OPINION

Appeal from Jackson District Court; NORBERT C. MAREK JR., judge. Submitted without oral argument. Opinion filed April 17, 2026. Affirmed.

*Kasper Schirer*, of Kansas Appellate Defender Office, for appellant.

*Natalie Chalmers*, principal assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before MALONE, P.J., BRUNS and HURST, JJ.

PER CURIAM: Richard Louis Kolbek II appeals his sentence for his conviction of felony driving under the influence (DUI), arguing the district court erred in calculating his criminal history score by including a prior conviction of criminal threat under K.S.A. 21-5415(a)(1). Kolbek claims K.S.A. 21-5415(a)(1) is an indivisible statute, so even a prior conviction of intentional criminal threat cannot be used for criminal history scoring purposes because the reckless version of the offense was declared unconstitutional in *State v. Boettger*, 310 Kan. 800, 450 P.3d 805 (2019). For the reasons explained in this opinion, we reject Kolbek's claim and affirm the district court's judgment.

1

On June 25, 2024, Kolbek agreed to plead no contest to one count of felony DUI in exchange for dismissal of other charges. The district court found Kolbek's criminal history score to be B based on a 2022 conviction for criminal threat and three aggregated person misdemeanors. Kolbek did not object to the court's calculation of his criminal history. The district court sentenced Kolbek to 37 months' imprisonment and denied his motion for dispositional departure to probation. Kolbeck timely appealed his sentence.

Kolbek's only claim on appeal is that "[b]ecause Kansas' criminal threat statute has been declared unconstitutional, the district court erred by scoring [his] prior criminal threat conviction as a sentence-enhancing person felony." He argues that the criminal threat statute is not divisible and thus no conviction for criminal threat under K.S.A. 21-5415(a)(1)—whether of the intentional or reckless variety—may ever be included in a defendant's criminal history score. As a result of the alleged error in his criminal history score, Kolbek claims his sentence is illegal. The State maintains that Kolbek's prior criminal threat conviction was properly included in his criminal history score under current Kansas Supreme Court precedent and that Kolbek has failed to designate a record sufficient to show that his criminal history score was incorrectly calculated.

Although Kolbek did not object to the district court's calculation of his criminal history score at sentencing, he can raise his challenge for the first time on appeal because an illegal sentence can be corrected at any time the defendant is serving the sentence. See K.S.A. 22-3504(a); *State v. Steinert*, 317 Kan. 342, 349, 529 P.3d 778 (2023). Moreover, K.S.A. 21-6814(d) permits an offender to raise a criminal history challenge for the first time on appeal—though it also obligates the offender to designate a record to support their claim and places the burden on them to prove it. When a defendant claims there is an error in their criminal history score rendering their sentence illegal, an appellate court is presented with a question of law subject to unlimited review. *State v. Dawson*, 310 Kan. 112, 116, 444 P.3d 914 (2019).

2

K.S.A. 21-5415(a)(1) states in part that a criminal threat is any threat to "[c]ommit violence communicated with intent to place another in fear, . . . or in reckless disregard of the risk of causing such fear . . . ." On appeal, Kolbek has not provided a record that shows which variety of criminal threat he was convicted of in 2022. Nor does he even try to argue that his criminal threat conviction was for the reckless variety of criminal threat under K.S.A. 21-5415(a)(1). Instead, he argues the ruling in *Boettger*, 310 Kan. 800, Syl. ¶ 3, that the reckless means of committing criminal threat was unconstitutional, rendered all criminal threat convictions unusable for criminal history purposes because the statute proscribing the intentional and reckless means of committing the crime is indivisible.

In *Boettger*, the Kansas Supreme Court held the portion of K.S.A. 2018 Supp. 21-5415(a)(1) that criminalized *reckless* criminal threats violated the First Amendment to the United States Constitution. 310 Kan. 800, Syl. ¶ 3. Since then, the United States Supreme Court decided *Counterman v. Colorado*, 600 U.S. 66, 69, 143 S. Ct. 2106, 216 L. Ed. 2d 775 (2023), holding that "a mental state of recklessness is sufficient" to prove that the speaker had a subjective understanding that communications were true threats.

More recently, in *State v. Smith*, 320 Kan. 62, 563 P.3d 697 (2025), the Kansas Supreme Court found it was unnecessary to decide whether *Counterman* effectively overruled its holding in *Boettger*. Regardless of any subsequent repudiations of its holding, a *reckless* criminal threat conviction still cannot be included in a criminal history score because at one point the reckless version of the offense was found to violate the First Amendment. 320 Kan. at 90; K.S.A. 21-6810(d)(9). But as part of this holding, the *Smith* court recognized that a defendant's prior conviction for criminal threat can be considered if that conviction was based on *intentional* conduct. See 320 Kan. at 91.

Panels of this court have followed this same rationale, finding convictions for intentional rather than reckless criminal threat should still be scored as person felonies. See *State v. Degand*, 63 Kan. App. 2d 457, 460, 465, 530 P.3d 439 (2023); *State v. Blow*,

No. 126,079, 2024 WL 1338960, at *2 (Kan. App. 2024), *rev. denied* 320 Kan. 863 (2025); *State v. Harrington*, No. 125,022, 2023 WL 9016151, at *13-14 (Kan. App. 2023) (unpublished opinion), *rev. denied* 320 Kan. 865 (2025). While the State suggests that both *Smith* and *Boettger* were wrongly decided, it maintains these other decisions show that the criminal history issue Kolbek presents is meritless.

Kolbek asserts that K.S.A. 21-5415(a)(1) is an "indivisible" statute prohibiting the court from using the modified categorical approach to determine whether a criminal threat is intentional or reckless. His argument that the criminal threat statute is "indivisible" is premised on the Kansas Supreme Court's decision in *State v. Williams*, 303 Kan. 750, Syl. ¶ 3, 368 P.3d 1065 (2016). But *Williams* does not hold that K.S.A. 21-5415(a)(1) is indivisible such that it cannot be applied for criminal history scoring purposes—the decision does not discuss divisibility at all. The portion of *Williams* that Kolbek cites merely holds that the prior version of the criminal threat statute—K.S.A. 21-3419(a)(1)—presented two alternative means of committing the crime, either intentionally or recklessly. And in *Boettger*, the Kansas Supreme Court only struck down the reckless portion of the statute, it did not declare the intentional version of the crime to be unconstitutional. 310 Kan. at 801. To the extent the *Williams* court held the prior version of the criminal threat statute presented two alternative means of committing the crime, that situation is no longer the case. Thus, a defendant's conviction for an intentional criminal threat may still be scored in their criminal history calculation.

Kolbek fails to meet his burden under K.S.A. 21-6814(d) to show prejudicial error. Because Kolbek admitted to his criminal history score at sentencing, he now needs to affirmatively show that he was convicted of reckless criminal threat to establish that his prior conviction could not be counted in his criminal history. He has not tried to do so. We reject Kolbek's claim that he is serving an illegal sentence.

Affirmed.

4