NOT DESIGNATED FOR PUBLICATION

No. 129,028

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SHAWN MICHAEL LEACH,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee Court; JASON E. GEIER, judge. Submitted without oral argument. Opinion filed June 12, 2026. Appeal dismissed.

*Sam Schirer*, of Kansas Appellate Defender Office, for appellant.

*Jodi Litfin*, deputy district attorney, *Michael F. Kagay*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before CLINE, P.J., BOLTON FLEMING, J., and JEFFREY GETTLER, District Judge, assigned.

CLINE, J.: Shawn Michael Leach appeals his sentence, arguing the district court miscalculated his criminal history score by including his prior criminal threat conviction. He contends this conviction should not have been counted because the Kansas Supreme Court declared the recklessness portion of Kansas' criminal threat statute unconstitutional. But since Leach's plea agreement and the amended charging document show he was convicted of intentional criminal threat, we dismiss his appeal.

1

*Leach did not object to his criminal history score at sentencing.*

Leach pled guilty to the charge of making false information. After the district court accepted his plea, it ordered a presentence investigation (PSI) report. The PSI report counted Leach's 2007 conviction for criminal threat in violation of K.S.A. 21-3419(a)(1) as a person felony, resulting in a criminal history score of B.

At sentencing, Leach did not object to his criminal history score of B or anything else contained in his PSI report. Based on his criminal history score B, the district court sentenced Leach to 20 months in prison, but it suspended his sentence and granted him 18 months of probation.

*We can review Leach's illegal sentence challenge for the first time on appeal.*

Although Leach challenges his criminal history score for the first time on appeal, an illegal sentence claim can be newly raised on appeal. K.S.A. 22-3504 (courts can correct an illegal sentence at any time while the defendant is serving the sentence); *State v. Hambright*, 310 Kan. 408, 411, 447 P.3d 972 (2019). Whether a sentence is illegal is a question of law over which appellate courts exercise unlimited review. See *State v. Daniels*, 319 Kan. 340, 342, 554 P.3d 629 (2024). A sentence is illegal if it does not conform to the applicable statutory provisions governing the calculation of an offender's criminal history score. See K.S.A. 22-3504(c)(1); *State v. Dawson*, 310 Kan. 112, 116, 444 P.3d 914 (2019).

When determining an offender's criminal history score, all prior convictions must be counted unless the convictions constitute an element of the present crime, enhance the severity level, elevate the classification from a misdemeanor to a felony, or the prior conviction is defined by a statute that has since been determined unconstitutional by an appellate court. K.S.A. 21-6810(d)(9)-(10).

K.S.A. 21-6814(d) governs the procedures for when an offender challenges their criminal history score for the first time on appeal:

"[T]he offender shall have the burden of designating a record that shows prejudicial error. If the offender fails to provide such record, the appellate court shall dismiss the claim. In designating a record that shows prejudicial error, the offender may provide the appellate court with journal entries of the challenged criminal history that were not originally attached to the criminal history worksheet, and the state may provide the appellate court with journal entries establishing a lack of prejudicial error. The court may take judicial notice of such journal entries, complaints, plea agreements, jury instructions and verdict forms for Kansas convictions when determining whether prejudicial error exists. The court may remand the case if there is a reasonable question as to whether prejudicial error exists."

*Kansas Supreme Court rulings impact the determination of Leach's criminal history score.*

In *State v. Boettger*, 310 Kan. 800, 822-23, 450 P.3d 805 (2019), the Kansas Supreme Court held that the portion of K.S.A. 21-5415 criminalizing reckless criminal threat is unconstitutionally overbroad because the court found it can apply to statements made without the intent to cause fear of violence. But then the United States Supreme Court held in *Counterman v. Colorado*, 600 U.S. 66, 69, 143 S. Ct. 2106, 216 L. Ed. 2d 775 (2023), that a mental state of recklessness is sufficient to establish a true threat. Another panel of this court declared that *Counterman* "effectively overrules" *Boettger*, and its holding "applies to any pending criminal case in Kansas in which the defendant's sentence is not final." *State v. Phipps*, 63 Kan. App. 2d 698, Syl. ¶ 1, 539 P.3d 227 (2023), *rev. granted* 318 Kan. 1089 (2024).

The Kansas Supreme Court, however, did not address our interpretation of *Counterman*'s impact on *Boettger* in its review of our decision in *Phipps*. Instead, it dismissed Phipps' appeal as moot. *State v. Phipps*, 320 Kan. 616, 570 P.3d 1240 (2025),

3

*reh. granted* October 17, 2025. But the issue may not be settled since our Supreme Court recently granted the parties' motions for rehearing or modification in *Phipps*.

While the court did not address our declaration about *Counterman*'s impact on *Boettger* in *Phipps*, it addressed it in *State v. Smith*, 320 Kan. 62, 563 P.3d 697 (2025). In *Smith*, the court found the question of whether *Counterman* "effectively overruled" *Boettger* is irrelevant, based on the court's interpretation of K.S.A. 21-6810(d)(9). *Smith*, 320 Kan. at 91. This statute guides criminal history classifications and states, in relevant part: "Prior convictions of a crime defined by a statute that has since been determined unconstitutional by an appellate court shall not be used for criminal history scoring purposes." K.S.A. 21-6810(d)(9).

The Kansas Supreme Court interpreted the language of K.S.A. 21-6810(d)(9) to mean that if a prior conviction arose under a statute that has since been determined unconstitutional by an appellate court, it cannot be counted in a criminal history score, regardless of whether that holding remains good law. *Smith*, 320 Kan. at 91. This is because the court found: "Nothing in the plain language of the statute qualifies this limitation by considering *subsequent repudiations* of an appellate court's holding that a statute is unconstitutional." 320 Kan. at 91.

*Leach fails to satisfy his burden under K.S.A. 21-6814(d) to show the district court improperly calculated his criminal history.*

On appeal, Leach attached to his brief the journal entry for his 2007 conviction, which shows he pled guilty to subsection (a)(1) of K.S.A. 21-3419. According to Leach, because he was convicted under a subsection of a statute declared unconstitutional, the plain language of K.S.A. 21-6810(d)(9) prevents the district court from using his prior criminal threat conviction in his criminal history score.

4

But, pursuant to K.S.A. 21-6814(d), the State asks us to take judicial notice of the documents it attached to its brief: (1) Leach's plea agreement, and (2) the amended charging document. These documents show Leach pled no contest to intentional criminal threat. Because Leach's conviction arose under the portion of K.S.A. 21-3419 which has not been declared unconstitutional, the State contends the district court did not err in counting it in his criminal history score.

Leach does not acknowledge K.S.A. 21-6814(d)'s provision which allows us to take judicial notice of the documents from the State. Instead, he contends we are prohibited from determining whether his conviction arose from intentional or reckless conduct because doing so would involve judicial factfinding that is prohibited by *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). In *Apprendi*, the court held the Sixth Amendment to the United States Constitution prohibits district courts from increasing a criminal defendant's exposure to punishment through judicial factfinding. 530 U.S. at 490.

Leach acknowledges that our court has reviewed court records to determine whether a defendant specifically pled to an intentional as opposed to reckless criminal threat offense to find out whether the prior conviction at issue could be used for the calculation of a criminal history score. See *State v. Degand*, 63 Kan. App. 2d 457, 530 P.3d 439 (2023); *State v. Harrington*, No. 125,022, 2023 WL 9016151, at *13-14 (Kan. App. 2023) (unpublished opinion). Even so, he contends these cases were premised on the incorrect assumption that K.S.A. 21-3419(a)(1) is divisible. Leach claims it does not matter whether he admitted to a reckless or intentional criminal threat at the time of his plea hearing because the elements of a K.S.A. 21-3419(a)(1) offense indivisibly criminalize intentional or reckless conduct.

But, as the State argues, no Kansas court has ever held the criminal threat statute was not divisible. And, in *Smith*, our Supreme Court acknowledged the State could

5

satisfy its burden under K.S.A. 21-6814(d) by showing a prior criminal threat conviction arose under a portion of K.S.A. 21-3419 that remained constitutional, i.e., intentional criminal threat. 320 Kan. at 91. This necessarily implies it finds the statute to be divisible.

A criminal statute is divisible when it contains multiple, alternative versions of the same crime. And when the sentencing court cannot tell which alternative formed the basis of an offender's conviction, the sentencing court is entitled to examine "a limited class of documents to determine 'which of a statute's alternative elements formed the basis of the defendant's prior conviction'" without running afoul of *Apprendi*. *State v. Dickey*, 301 Kan. 1018, 1037-38, 350 P.3d 1054 (2015). These documents include charging documents, plea agreements, transcripts of plea colloquies, findings of fact and conclusions of law from a bench trial, jury instructions, and verdict forms. 301 Kan. at 1038. Here, the State established Leach's criminal threat conviction was for the intentional version of that crime by providing his plea agreement and amended charging document.

Because Leach has not met his burden under K.S.A. 21-6814(d), we dismiss his appeal.

Appeal dismissed.